ANDERSON, APPELLANT, *v.* ANDERSON, APPELLEE.

[Cite as Anderson v. Anderson, 4 Ohio App. 2d 90.]

(No. 27104—Decided October 28, 1965.)

*Messrs. Woodle & Wachtel* and *Mr. A. L. Kearns,* for appellant.

*Messrs. Walter & Haverfield,* for appellee.

SKEEL, J. This appeal comes to this court on questions of law from a judgment entered for the defendant by the Common Pleas Court of Cuyahoga County after that court sustained defendant's demurrer to plaintiff's petition and reply, holding that the Common Pleas Court did not have jurisdiction to hear the claim of the plaintiff, the plaintiff not desiring to plead further. The irregularity of the filing of an answer which was not withdrawn before filing the demurrer which was not objected to by the plaintiff will be disregarded.

The plaintiff's petition alleges that the plaintiff and defendant were husband and wife prior to January 11, 1949, and that two children were born of such marriage; that on February 15, 1949, by decree of the Common Pleas Court (Case No. 592031) the parties were divorced, and the court by its journal ordered:

"IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Plaintiff be and she is hereby granted a divorce from the Defendant and the marriage contract heretofore existing be and is hereby set aside.

"It appearing to the Court that the minors herein are wards of the Juvenile Court of Cuyahoga County, this Court makes no order thereon except so much as is necessary to certify the same to the Juvenile Court."

It is alleged that the defendant on April 20, 1942, was before the Juvenile Court on plaintiff's complaint of nonsupport of his children, and, upon plea of guilty, he was sentenced to the workhouse for one year and to pay the costs, which sentence was suspended and defendant was put on probation on condition that he properly support his minor children. In such entry the court ordered the defendant to pay $25 per week beginning September 16, 1948, for the support of such minor children. (It is evident that the date of the order as pleaded as of September 16, 1948, is in error as the basis for extending his probation.) The petition then alleges that the defendant is in default of such payments from September 16, 1948, through

part of the year 1959 (listing the default by years separately) in the total sum of $13,600.

It is alleged that the children are still minors, under the age of twenty-one years. Plaintiff prays for judgment in the sum of $13,600 on the first cause of action based on defendant's defaults of the Juvenile Court's order made as a condition upon which his sentence for nonsupport was suspended and he was put on probation, and also for a judgment for reasonable support and maintenance of such children until each has reached the age of twenty-one years. The second cause of action seems to have been completely abandoned in the judgment entered by the trial court, and, since there are no allegations as to the ages of the children, we will assume that that was the intention of the parties.

The amended answer admits the divorce and that in that action the court made no provision or order for custody and support of the children but certified the case to the Juvenile Court with the statement that the children were already wards of that court and that an order of support was unnecessary. It is for this reason, the defendant in his answer alleges, that the Common Pleas Court did not acquire jurisdiction to deal with the question of support in the instant action. The defendant further alleges that he has fully paid the order for support made by the Juvenile Court as a condition of his being placed on probation except for $105 which he admits is still due. The reply (filed January 4, 1962) is a general denial of the affirmative allegations of the answer.

The defendant's demurrer was not filed until after the filing of plaintiff's reply. By his demurrer, defendant claims that on the face of the record it is without dispute and made clearly to appear that the Common Pleas Court is without jurisdiction of the subject of this action.

The Juvenile Court was created as the children's court. Its jurisdiction is exclusive in protecting the welfare of minors under eighteen years of age who are brought within its jurisdiction through lawful procedure. Its jurisdiction is set out in Sections 2151.23, 2151.42, 2151.43, 2151.49, 2151.54 and 2151.99 of the Revised Code. Section 2151.23 provides in part:

"(A) The Juvenile Court has exclusive original jurisdiction under the Revised Code:

"* * *

"(2) To determine the custody of any child not a ward of another court of this state;

"* * *

"(B) Such court has original jurisdiction to determine all cases of misdemeanors charging adults;

".. * * *

"(3) With abandonment or failure to provide subsistence to any child for which he is legally responsible.

"(C) Such court, except as to Juvenile Courts separately and independently created, has jurisdiction to hear, determine, and make a record of any action for divorce or alimony involving the custody or care of children filed in the Court of Common Pleas and certified by the presiding judge of the Court of Common Pleas with all the papers filed therein to the court for trial, provided that no such certification shall be made to any court unless the consent of the juvenile judge is first obtained. * * *"

Paragraph (C) of Section 2151.23 of the Revised Code, amended effective October 14, 1963, is not applicable in this case for two reasons: First, because the Juvenile Court of Cuyahoga County was separately created (Chapter 2153, Revised Code); and, second, because there is no allegation that the judge of the Juvenile Court consented to a certification, which, of course, was unnecessary since the children were then wards of the Juvenile Court.

Section 2151.42 of the Revised Code provides in part:

"No person charged with the care, support, maintenance, or education of a legitimate or illegitimate child * * * under eighteen years of age shall fail to * * * support, * * * such child. * * *"

Section 2151.43 of the Revised Code provides in part:

"In cases against an adult * * * any person may file an affidavit with the clerk * * * setting forth * * * the charges against the accused who shall be tried thereon. * * *"

Section 2151.49 of the Revised Code provides:

"In every case of conviction under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, where imprisonment is imposed as part of the punishment, the juvenile judge may suspend sentence, before or during commitment, upon such condition as he imposes."

Section 2151.99 of the Revised Code in part provides:

94

"'* * *

"(B) Whoever violates Section 2151.42 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than one year, or both. The juvenile judge may order that such person stand committed until such fines and costs are paid; provided that if he pays promptly to the Juvenile Court each week or to a trustee named by such court a sum to be fixed by it for such purpose, sentence may be suspended."

The foregoing sections circumscribe the jurisdiction of the Juvenile Court of Cuyahoga County in dealing with a charge of nonsupport of minor children. The Juvenile Court is without jurisdiction to enter an order of support which can be enforced by reducing delinquencies to judgment and causing execution to issue thereon. Certainly, if no such claim can be made in the Juvenile Court, the Common Pleas Court would be without jurisdiction to entertain a case based on an order placing a defendant on probation entered by the Juvenile Court on the authority of Sections 2151.49 and 2151.99 of the Revised Code.

Under the facts as pleaded in this case, the minor children of the defendant became wards of the Juvenile Court in 1942 upon the defendant's plea of guilty to a charge of nonsupport of his minor children. The children did not at any time become wards of the Common Pleas Court under the facts so pleaded.

There is no allegation that the judge of the Juvenile Court ever consented to a certification of the case from the Common Pleas Court, and, even if a proper certification had been attempted, there was nothing to certify. The facts pleaded clearly indicate that the minors of the parties could not be subjects of an order of the Common Pleas Court that could be certified to the Juvenile Court. The Juvenile Court having acquired through the ordinary course of law exclusive jurisdiction over the children on the issue of compelling this defendant to perform his duty of support long before the divorce case was filed in the Common Pleas Court, its jurisdiction became exclusive.

The petition together with the reply, therefore, do not state a cause of action coming within the jurisdiction of the Common Pleas Court. The demurrer was properly sustained.

*Judgment affirmed.*

SILBERT, C. J., and WASSERMAN, J., concur.