THE STATE, EX REL. BALSON, APPELLANT, *v.* HARNISHFEGER, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Balson, v. Harnishfeger (1978), 55 Ohio St. 2d 38.]

(No. 78-193—Decided July 5, 1978.)

*Messrs. Grelle & Paxton* and *Mr. Robert C. Paxton, II,* for appellant.

*Mr. David E. Bowers,* prosecuting attorney, for appellees.

*Per Curiam.* The parties agree that the issue before the court is that: as between courts of concurrent jurisdiction, which court, to the exclusion of all others, has the right to adjudicate upon the whole issue and to settle the rights of the parties—Is it the court in which the action was first filed or the court in which both the filing of the action and the required service of process is first completed?

If it is the former court, then Allen County is the proper forum; if the latter, then the Franklin County court has jurisdiction and the writ of prohibition should have issued.

The Court of Appeals asserts that the Allen County court has exclusive jurisdiction because the action was first commenced in that court within the purview of Civ. R. 3 (A) which states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filings."

In cases similar to the one at bar this court has held that exclusive jurisdiction vests in that court first acquiring not just subject-matter jurisdiction, but also *in personam* jurisdiction—that is, completion of proper service.

In *Miller* v. *Court of Common Pleas* (1944), 143 Ohio St. 68, a dispute had arisen as to which of two courts had jurisdiction of a divorce and alimony action and relator sought to prohibit one of the courts from proceeding. In granting the writ, this court quoted with approval 14 Ohio Jurisprudence 40, Divorce and Separation, Section 30: " ' It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule obtains in divorce actions. ***' ''

Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts

40

has the exclusive right to adjudicate the whole case.

In *Gehelo* v. *Gehelo* (1953), 160 Ohio St. 243, the plaintiff, a resident of Cuyahoga County, instituted an action on January 18, 1952, in the Court of Common Pleas of that county for the purpose of obtaining a divorce from her husband, the defendant. Personal service of summons was obtained on the defendant five days later on January 23, in Ashtabula County where he resided. The defendant then filed a motion to dismiss the plaintiff's petition on the ground that the Court of Common Pleas of Cuyahoga County lacked jurisdiction because the defendant husband previously had instituted a similar action in Ashtabula County. However, in the Ashtabula case, the husband was attempting to serve his wife by statutory publication and publication had not been completed at the time that personal service was made on the husband in the Cuyahoga County case. The motion of the defendant was granted by the Court of Common Pleas of Cuyahoga County, but the Court of Appeals reversed. The plaintiff then proceeded to this court.

Paragraphs two and three of the syllabus in *Gehelo*, *supra*, state that: "An incompleted service of summons in such action does not vest the court with jurisdiction over the defendant"; and "Such jurisdiction is vested by the completion of personal service of summons and takes precedence over that of another court in a similar action between the same parties where service of summons by publication is incomplete."

We abide by our decisions in *Miller* and *Gehelo*, *supra*, indicating that completion of service is a prerequisite to vesting of exclusive jurisdiction.

Accordingly, the judgment of the Court of Appeals is reversed and the writ prayed for is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.