HARDESTY, APPELLANT, *v.*
HARDESTY, APPELLEE.

(No. 83AP-532—Decided April 26, 1984.)

*Robert E. Paxton II & Associates* and *Mr. Douglas B. Dougherty,* for appellant.

*Mr. Wilmore Brown,* for appellee.

REILLY, J. On September 22, 1980, prior to the filing of a petition for divorce by either party to the marriage, Christine Hardesty filed an action in the Juvenile Division of the Wood County Probate Court seeking custody of the couple's two children and orders of support. Following service on John Hardesty and a hearing on Christine's claim, that court entered judgment on May 5, 1981 granting custody and support to Christine.

On December 1, 1980, John sued for a divorce in Franklin County Common Pleas Court, Division of Domestic Relations. Subsequently, on December 4, 1980, Christine filed her own action for divorce in the Domestic Relations Court of Wood County. The service of summons from the Franklin County action was made first on Christine and the Wood County action was therefore dismissed. Subsequently, on October 5, 1981, the Franklin County court granted a divorce to John Hardesty. That court elected not to make orders as to the custody and support of the children, however, recognizing the jurisdiction of

the Wood County Juvenile Court over the subject.

Thereafter, on May 11, 1982, the Wood County Juvenile Court, noting that the matter of John's support obligation might be better handled by the Wood County Domestic Relations Court, sought to transfer its jurisdiction to the domestic relations court. The Wood County Prosecutor then sought to enforce John's support obligation in the domestic relations court, whereupon John challenged that court's jurisdiction.

The Wood County Domestic Relations Court found that it had jurisdiction over the matter and proceeded to enter an order finding John in contempt for nonpayment of support. John appealed this order, arguing that the juvenile court's action in releasing jurisdiction caused exclusive jurisdiction to vest in the Franklin County Domestic Relations Court. He cited *State, ex rel. Balson,* v. *Harnishfeger* (1978), 55 Ohio St. 2d 38 [9 O.O.3d 21], as sole authority for this proposition.

By judgment entry of April 1, 1983, the Court of Appeals for Wood County found that the action of the juvenile court in attempting to transfer jurisdiction was void and a nullity and that jurisdiction over the custody and support of the children remained with the Wood County Juvenile Court. See *Hardesty* v. *Hardesty* (April 1, 1983), Wood App. No. WD-82-67, unreported, motion to certify overruled (Sept. 14, 1983), No. 83-853.

On January 19, 1983, John moved the Franklin County Domestic Relations Court to take jurisdiction over the custody and support of the children. He again argued that, by virtue of *Harnishfeger, supra,* the Wood County Juvenile Court's attempt to transfer jurisdiction caused that court to lose jurisdiction over the matter, and that jurisdiction was thereafter automatically vested in the Franklin County Domestic Relations Court which had previously obtained jurisdiction over the divorce. On May 5, 1983, the Franklin County Domestic Relations Court declined to take jurisdiction over the custody and support of the children.

Plaintiff appeals, asserting one assignment of error:

"As between courts of concurrent jurisdiction, that court in which the action was first filed and the required service of process completed has a right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals, and when a juvenile court abandons jurisdiction of the minor children, jurisdiction vests, by operation of law, in that court which previously obtained jurisdiction in a divorce action. See *State, ex rel. Balson* v. *Harnishfager* [*sic*] (1978), tt [*sic*] Ohio St. 2d 38 [9 O.O.3d 21]."

The holding in *Harnishfeger* does not require the result urged by appellant. The issue in that case was simply which of two courts of concurrent jurisdiction takes jurisdiction over a dispute when a complaint has been filed in each court. The Supreme Court thus queried:

"* * * Is it the court in which the action was first filed or the court in which both the filing of the action and the required service of process is first completed?" [*State, ex rel. Balson,* v. *Harnishfeger, supra,* at 39.]

The court then concluded that it is the service of process, and not the filing of the complaint, which causes jurisdiction to vest in one court to the exclusion of all others.

The application of *Harnishfeger* to the present case actually supports the result reached by the trial court. As to the custody and support of the children,

the Wood County Juvenile Court was the first court to obtain jurisdiction over the issue, to the exclusion of all other courts. A court which obtains jurisdiction over and enters orders regarding the custody and support of children retains continuing and exclusive jurisdiction over such matters. See, *e.g., Loetz* v. *Loetz* (1980), 63 Ohio St. 2d 1; *Addams* v. *State, ex rel. Hubbell* (1922), 104 Ohio St. 475. As noted by the Court of Appeals for Wood County, there is no statutory provision for the transfer of jurisdiction attempted by the juvenile court and such transfer was therefore a nullity. Thus, the Wood County Juvenile Court retained continuing jurisdiction over the custody and support of the children to the exclusion of the Franklin County Domestic Relations Court.

Accordingly, the assignment of error is not well-taken, and the judgment of the trial court declining to assume jurisdiction over the custody and support of the children is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, J., concurs.

WHITESIDE, J., dissents.

WHITESIDE, J., dissenting. Since courts of concurrent jurisdiction are not involved, and since the Wood County Juvenile Court has both exhausted and abandoned its jurisdiction, I must respectfully dissent.

Pursuant to R.C. 2151.23(A)(2), a juvenile court has "exclusive original jurisdiction * * * [t]o determine the custody of any child not a ward of another court of this state." Pursuant to R.C. 3105.21 and 3109.04(A), the court of common pleas, division of domestic relations, has ancillary custody jurisdiction in a divorce case. The common pleas court may certify the custody issue to

the juvenile court. See R.C. 3109.04, 3109.06 and 2151.23(A), (D) and (E).

Prior to the amendment to R.C. 2151.23(F) effective March 19, 1984, the juvenile court in exercising its original custody jurisdiction was not specifically required to follow R.C. 3109.04, which governs custody matters in divorce actions and grants to a child twelve years old or older the right to choose the parent with whom he is to live, unless such parent is unfit or it otherwise is not in the best interests of the child to live with that parent.

Accordingly, the original jurisdiction of the juvenile court and the ancillary jurisdiction of the "divorce court" are not concurrent in that the nature of the jurisdiction differs, and at all times involved herein the statutory prerequisites for decision differed.

The Wood County Juvenile Court exhausted its original custody jurisdiction when it entered an order determining the case. There is no further custody jurisdiction to be exercised by that court unless either a new complaint be filed within its original jurisdiction or a timely Civ. R. 60(B) motion be filed.

The Franklin County Court of Common Pleas has taken no action to certify the custody issue to any juvenile court. Rather, that court has entered no order with respect to custody, although it has entered a decree of divorce. While the judgment of the Wood County Juvenile Court may give rise to a defense of *res judicata* or collateral estoppel, it does not deprive the trial court of its jurisdiction pursuant to R.C. 3105.21 and 3109.04.

In fact, it is doubtful if the Wood County Juvenile Court ever had jurisdiction of the custody issue since that court has no jurisdiction over domestic matters, that is, problems or claims between husband and wife which constitute the underlying gravamen of all the litigation. This differs from a situation where

the original custody jurisdiction is predicated upon neglect or dependency of the child. The original custody jurisdiction of the juvenile court is limited by the definitions of "legal custody" and "residual parental rights, privileges, and responsibilities" set forth in R.C. 2151.011(B)(10) and (11) and does not extend to determining solely as between the parents of a child which of them shall have the care, custody and control of the child, the juvenile court having no such jurisdiction unless the issue is certified to it pursuant to R.C. 2151.23(C), (D) or (E). See *Haynie* v. *Haynie* (1959), 169 Ohio St. 467 [8 O.O.2d 476]. Cf. *Patton* v. *Patton* (1963), 1 Ohio App. 2d 1 [30 O.O.2d 49]. The original custody jurisdiction of a juvenile court does extend, however, to a custody dispute between a parent and a third person. *In re Torok* (1954), 161 Ohio St. 585 [53 O.O. 433]. See, also, *In re Corey* (1945), 145 Ohio St. 413 [31 O.O. 35].

Unfortunately, there has never been any definitive determination of the nature of the original custody jurisdiction of a juvenile court as contrasted to the ancillary custody jurisdiction of a *domestic relations court except holdings* that, where a neglected or dependent child has been made a ward of the juvenile court, ancillary custody jurisdiction cannot be utilized to revoke or interfere with that wardship. See *Anderson* v. *Anderson* (1965), 4 Ohio App. 2d 90 [33 O.O.2d 145].

Accordingly, the trial court erred in overruling the motion for change or determination of custody since it and the Wood County Juvenile Court are not courts of concurrent jurisdiction and since the latter court exhausted its original custody jurisdiction, if any, and has not been conferred with ancillary custody jurisdiction, even assuming that it retained jurisdiction to enforce its original custody order by contempt proceedings.