[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is brought by Rick Hohenbrink, Appellant, from a judgment of the Small Claims Division of the Putnam County Court finding Appellant liable to Sue Recker, Appellee, for medical expenses totaling $1,718.49, plus interest.
Rick Hohenbrink and Sue Recker were divorced in February of 1991. Incorporated in their final divorce decree was a separation agreement which provided that insurance coverage for the parties' four minor children was to be maintained by Hohenbrink. Uncovered medical expenses were to be split half and half by the parties. Subsequent to this decree, Sue Recker, the children's custodial parent, became primarily responsible to health care providers for over $3,000 worth of uncovered medical expenses incurred by the parties' minor daughter. As a result, Recker initiated an action in Putnam County Small Claims Court attempting to collect Hohenbrink's share of these costs. The case was heard in small claims court in March of 1997. Construing the parties' divorce decree, that court found in favor of Recker, ordering Hohenbrink to pay Recker one half of the uncovered medical expenses, $1,718.49, plus interest.
Appellant now appeals this decision, asserting the following two assignments of error:
I.
 The trial court erred by rendering judgment in this case for the reason it lacked subject matter jurisdiction.
II.
 The trial court's decision was against the manifest weight of the evidence.
Appellant's first assignment of error challenges the jurisdiction of the small claims court to enforce a provision of Appellant's divorce decree. Appellant argues that the only court with subject matter jurisdiction over the terms discussed in the divorce decree is the Common Pleas Court of Putnam County which made the order. Simply put, Appellant contends Appellee has pursued her case in the wrong court.
In its simplest terms, this case involves an effort on the part of Appellee to collect a sum of money which she claims is due from Appellant. If it were not for other facts in the record this case would present the question of whether or not a municipal court, small claims division, has concurrent jurisdiction with a divorce court to render a judgment for money due pursuant to a decree of divorce. While the small claims court addressed this issue and found concurrent jurisdiction existed, we cannot decide the issue of concurrent jurisdiction due to the facts referred to above.
The divorce decree in this case contains the following provision: "[h]usband further agrees to maintain said children on his medical insurance and hospitalization policy as his dependents, with uncovered expenses to be split half and half by husband and wife." This would appear to be a straight forward provision which would require no interpretation prior to enforcement. Appellant, pursuant to this requirement, secured medical insurance with high deductibles and 50/50 coverage. In view of this, Appellee elected to secure additional medical insurance at her own expense and therein lies the dispute. Appellant contends that he is responsible for one half of the medical bills after all insurance payments have been applied while Appellee contends that Appellant owes one half of the medical bills after his insurance payments have been deducted.
Thus, this case involves the interpretation of a divorce decree rather than the mere application of a provision in the decree to determine the amount of money due. Under Ohio law, the common pleas court is vested with the jurisdiction to hear and determine all domestic relations matters, including matters relating to divorce and child support. R.C. 3105.011; See Chapters 3105, 3109. We note that actions to recover unpaid child support are specifically directed to the court of common pleas in R.C. 3113.210.[1] This is in accord with the law that the common pleas court retains continuing and exclusive jurisdiction in matters relating to custody, care and support of minor children. Loetz v. Loetz (1980), 63 Ohio St.2d 1; Hardesty v.Hardesty (1984), 16 Ohio App.3d 56, 58. Clearly, the Court of Common Pleas of Putnam County which issued the divorce decree in this case is the court in the best position to hear any disputes regarding the language in the decree and to clarify any confusion over the interpretation of a particular clause relating to insurance coverage of the parties' minor children. Troha v. Troha
(1995), 105 Ohio App.3d 327, 332. Given the subject matter at issue in this case and the need for the court's interpretation of its own decree, Appellee should have filed a motion in the issuing court for enforcement of the order. See Civ.R. 75(I). Consequently, we sustain Appellant's first assignment of error.
Given our decision of Appellant's first assignment of error, further consideration of Appellant's second assignment of error is rendered moot.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, we vacate the judgment of the Small Claims Division of the Putnam County Court for lack of subject matter jurisdiction.
Judgment vacated.
 HADLEY, J., concurs.
 SHAW, P.J., concurs separately.
[1] R.C. 3113.210 provides,
 Whenever an obligor fails to make any payment required by a child support order, the obligee or a child support enforcement agency acting on behalf of the obligee may bring an action in the court of common pleas that issued the support order to obtain a judgment on the unpaid amount. * * *
[Emphasis added].