According to Ohio law, "[t]he common pleas court * * * has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matter." R.C.3105.011; see, also, R.C. 3105.10(B). Divorce and separation agreement issues are also included within this scope. See R.C. Chapters 3105, 3109.
A separation agreement between married persons creates a valid and binding contract which becomes invalid once declared so by a court or incorporated by reference into a divorce decree.Greiner v. Greiner (1979), 61 Ohio App.2d 88, 98. See, also, R.C. 3103.05; R.C. 3103.06; Ohio Jurisprudence 3d (1994) 165, Family Law, Section 356. The process of incorporating the separation agreement into the divorce decree causes the agreement to merge with and become superseded by the decree. Wolfe v. Wolfe
(1976), 46 Ohio St.2d 399, paragraph four of the syllabus, limited on other grounds, McClain v. McClain (1984), 15 Ohio St.3d 289, syllabus; Greiner, supra, at 95. At this point, the separation agreement's terms are no longer imposed by its status as a contract, but rather, by the force of the divorce decree issued by the court. Id.
The common pleas court which issued the divorce decree also retains continuing and exclusive jurisdiction in matters relating to custody, care and support of minor children. Loetz v. Loetz
(1980), 63 Ohio St.2d l; Hardesty v. Hardesty (1984), 16 Ohio App.3d 56,58. Thus, if disagreements arise regarding the incorporated separation agreement's terms on these topics, that is the court which has "the authority to hear the matter, clarify any confusion over the interpretation to be given to a particular clause, and resolve the dispute." Troha v. Troha (1995),105 Ohio App.3d 327, 332.
In this case, the divorce decree granted to Recker and Hohenbrink by the Common Pleas Court of Putnam County incorporated the separation agreement at issue. This agreement included not only the clause relating to insurance coverage of the minor children, but a statement that the parties agreed to allow the Putnam County Court of Common Pleas continuing jurisdiction over matters pertaining to the children. Clearly, pursuant to the parties' own agreement and the applicable law, the Court of Common Pleas of Putnam County is the proper court to hear any disputes regarding the language in its decree and to clarify any confusion over the interpretation of this particular clause.
In sum, because any attempt to enforce this incorporated separation agreement must occur under the terms of the original divorce decree, and under the issuing court's continuing jurisdiction, I concur that the first assignment of error should be sustained, the second assignment of error rendered moot and the judgment of the Small Claims Division of the Putnam County Court vacated for lack of subject matter jurisdiction.