Appellant-defendant John Paul Dalton appeals from an order of the Lorain County Court of Common Pleas, Probate Division, that ordered the sale and distribution of proceeds of property in which Dalton claimed an interest. This Court affirms.[1]
On June 19, 1996, the administratix of the estate of Alberta Lou Dalton brought an action to sell real estate in the probate court. Ten defendants were named, all of whom were believed to be either heirs or parties possessing claims against the estate: John Paul Dalton ("Dalton"); Institutional Care Pharmacy, Unicare Homes, Inc. ("Unicare"); Physicians Ambulance; Sears; Bank One; Sondra Davis; Charles A. Dalton, Jr.; Sherry Dalton; and Third Federal Savings and Loan.[2] Claims against the estate totaled over $50,000.
Various parties filed cross-claims. Of primary importance herein is the cross-claim filed by Dalton in which he asserted an interest as purported equitable owner of one of two properties contained in the estate. Dalton claimed that his interest was superior to all of the parties except for Third Federal Savings and Loan.[3] Both properties were sold during the proceedings, one for the sum of $5,000, and the other for the sum of $50,000. The proceeds were held in trust pending resolution of the case.
On November 12, 1997, the matter was scheduled for hearing to be held on February 23, 1998. Dalton's counsel moved for continuances of both the pre-trial and the trial. Both were denied. The matter was subsequently heard as scheduled before a magistrate, who issued a decision on February 26, 1998. On March 16, 1998, Dalton filed objections to the magistrate's decision. The objections were overruled and the trial court adopted the magistrate's decision in an entry journalized on March 26, 1998. The court found that, upon satisfaction of those valid claims and expenses that took priority, the claims of the remaining parties, including Dalton's claim, could not be satisfied due to insufficient assets.
Dalton timely appeals, asserting five assignments of error.
 Assignment of Error No. I DEFENDANT JOHN PAUL DALTON WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO GRANT A CONTINUANCE BY REASON OF COUNSEL'S TRIAL CONFLICT.
In his first assignment of error, Dalton contends that the denial of his motion for a continuance of the February 23, 1998 hearing was an abuse of discretion. Dalton argues that, because his attorney had a hearing in a criminal case in another court scheduled for the same day as the civil hearing, it was mandatory that the civil hearing be continued. This Court has previously explained that whether to grant a continuance lies "within the discretion of the trial court, and will be disturbed on appeal only for an abuse of discretion. An abuse of discretion is more than an error of law or judgment, but it implies an attitude on the part of the trial judge that is unreasonable, arbitrary or unconscionable." (Citations omitted.) Slifko Construction Co., Inc. v. Clements (May 23, 1990), Summit App. No. 14342, unreported.
In support of his argument, Dalton cites Sup.R. 41(B)(1), which provides in part:
 When a continuance is requested for the reason that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case which was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial.
However, Dalton does not acknowledge the next line of this rule, which provides that "[t]he court should not consider any motion for a continuance due to a conflict of trial assignment dates unless * * * the motion is filed not less than thirty days prior to trial." Although Dalton's counsel had notice of the criminal hearing date since at least December 18, 1997, and had known of the conflicting civil trial date for over one month at that time, the motion for a continuance was not filed until February 9, 1998. Because the civil hearing was scheduled for February 23, 1998, Dalton's motion was untimely. The denial of an untimely motion for continuance does not constitute an abuse of discretion. Wheaton Industries, Inc. v. Fashion Two Twenty, Inc. (Aug. 20, 1993), Portage App. No. 90-P-2185, unreported. Without having to resort to an untimely motion, counsel had sufficient time to make the proper arrangements to remedy the conflict between his trial obligations in such a manner that he could have adequately protected the interests of his clients. The first assignment of error is overruled.
 Assignment of Error No. II THE COURT ERRED IN APPROVING THE MAGISTRATE'S DECISION WHICH FAILED TO CONTAIN THE NECESSARY FACTS IN ORDER FOR THE COURT TO MAKE AN INDEPENDENT DETERMINATION.
Dalton argues in his second assignment of error that, because the magistrate's decision did not contain sufficient facts to support its conclusions, the trial court failed to fulfill its responsibility to critically review the magistrate's decision. This Court's review is restricted to the limited issue of whether the trial court acted unreasonably, arbitrarily, or unconscionably in adopting the magistrate's decision. Bell v. Bell (June 24, 1998), Medina App. No. 2680-M, unreported.
The magistrate issued his decision on February 26, 1998. In that decision, the magistrate set forth findings regarding the existence of various claims against the estate, the specific amounts of those claims, the ownership of the estate in question, and the fact that the property had already been sold pursuant to a prior court order. Further, the magistrate provided a statutorily directed recommendation concerning the disposition of the estate funds, which were found to be insufficient to satisfy all outstanding debts. On March 11, 1998, Dalton moved for an enlargement of time in which to file his objections to that report. The trial court denied that motion the following day. On March 16, Dalton filed his objections to the magistrate's decision. Finally, on March 26, the trial court overruled Dalton's objections and adopted the magistrate's decision. Although he objected to the sufficiency of facts in the magistrate's decision, at no time did Dalton ever request findings of fact pursuant to Civ.R. 52 and 53(E)(2). Objections to a magistrate's decision do not constitute an independent request for findings of fact pursuant to Civ.R. 52. L.T.M. Builders v. Jefferson (1980), 61 Ohio St.2d 91, 93-95.
Nonetheless, Dalton asserts on appeal that:
 It appears that [the] judgment entry of the court was prepared by the Magistrate as his signature appears on the judgment entry along with that of the Probate Judge. The court in reviewing the Magistrate's decision is required to independently review it. If the court merely relies upon the approval of the Magistrate in making its final judgment there is a lack of the required independent judgment.
The record is devoid of any evidence suggesting that the trial court abdicated its judicial responsibilities as Dalton contends. The trial court's final judgment entry indicates that the trial judge gave the matter due consideration, explicitly finding the facts presented sufficient by noting that "[t]he Court has reviewed the Magistrate's Decision and the objections thereto and determines the magistrate's report contains sufficient findings of fact and conclusions of law pursuant to Civil Rules 52 and 53(E)." Accordingly, Dalton's second assignment of error is rejected.
 Assignment of Error No. III THE COURT ERRED IN AUTHORIZING PAYMENT OF A JUDGMENT LIEN WHICH WAS INEFFECTIVE AS A LIEN AGAINST THE REAL ESTATE.
In his third assignment of error, Dalton argues that Unicare's lien against the estate of Alberta Lou Dalton was invalid as a secured claim due to Unicare's alleged failure to bring the claim against the proper party.[4] However, Dalton failed to attach to his objections to the magistrate's decision any evidence in support of this assertion. The record, which does not include a transcript, does not indicate that this averment or any evidence in support thereof was ever before the trial court in any other context. As a result, this Court cannot say that the trial court erred in overruling this objection to the magistrate's decision.
 Assignment of Error No. IV THE COURT ERRED IN DETERMINING THAT UNICARE OF OHIO, INC.'S LIEN WAS NOT BARRED BY RES JUDICATA.
Dalton asserts in his fourth assignment of error that Unicare's claim was also barred by res judicata because it had been subsumed in a common pleas court, general division, foreclosure action on the same property that had been initiated by Third Federal Savings and Loan. In that case, a default judgment had been granted against Unicare.[5] Pursuant to Civ.R. 8(C), however, res judicata is an affirmative defense that must be set forth in a pleading. Nowhere in the record does Dalton raise res judicata until his objections to the magistrate's decision. No amended or supplemental pleadings raising res judicata were filed as permitted under Civ.R. 15. The availability of this affirmative defense was consequently waived. See Jim's Steak House, Inc. v. Cleveland (1998), 81 Ohio St.3d 18, 20-21. Dalton's fourth assignment of error is not well taken.
 Assignment of Error No. V THE PROBATE COURT ERRED IN GRANTING A JUDGMENT IN A CASE OF WHICH IT HAD LACKED SUBJECT MATTER JURISDICTION.
In his final assignment of error, Dalton argues that, because the common pleas court, general division, invoked its jurisdiction in the foreclosure case, the probate court lacked subject matter jurisdiction to proceed with all aspects of its case other than authorizing the signing of a deed. This contention is rejected.
Dalton relies upon the well-established rule that, "between courts of concurrent jurisdiction, the tribunal whose power is first invoked by the institution of proper proceeding acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." State ex rel. Phillips v. Polcar (1977), 50 Ohio St.2d 279, syllabus. Examination of the record indicates that the instant case was filed on June 19, 1996. The docket sheet for the foreclosure action, which Dalton attached as support to his objections to the magistrate's decision, indicates that the foreclosure action was filed on September 16, 1996, well after the probate case had begun.[6]
Additionally, the Supreme Court of Ohio has held:
 [E]xclusive jurisdiction vests in that court first acquiring not just subject-matter jurisdiction, but also in personam jurisdiction * * *.
* * *
 Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts has the exclusive right to adjudicate the whole case.
(Citation omitted.) State ex rel. Balson v. Harnishfeger (1978),55 Ohio St.2d 38, 39-40. Comparison of the record in the instant case to the docket sheet of the foreclosure action reveals that, although service of process was completed in both cases in 1996, service was first completed in the probate case by several months. Therefore, the probate court was vested with jurisdiction to proceed. Dalton's fifth assignment of error fails.
Dalton's five assignments of error are not well taken. The judgment of the probate court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
___________________________ DONNA J. CARR
FOR THE COURT
SLABY, P. J.
WHITMORE, J.
CONCUR
[1] With the exception of the March 26, 1998 order from which this appeal is taken, and the prior magistrate decision adopted by that order, no other filings in the trial court designated plaintiff as "Sondra Dalton." Accordingly, this Court has adhered to plaintiff's designation as "Sondra Davis."
[2] Although the complaint designated Unicare as "Oak Hill[s] Nursing Home," under which Unicare conducted business, later filings named Unicare directly. For the sake of clarity, this Court shall refer to the party as Unicare. Additionally, the Lorain County Treasurer was later added in an amended complaint filed on July 11, 1996; that party filed a cross-claim.
[3] Although represented by counsel, Dalton apparently proceeded pro se at various stages of the proceedings below. No distinction is made herein between those filings by Dalton and those by his counsel except where necessary.
[4] Unicare's answer indicated that it had previously obtained a 1995 judgment against the estate in the amount of $25,744.23, plus costs and interest.
[5] In Third Federal Savings and Loan Assoc. of Cleveland v. Dalton (May 26, 1999), Lorain App. No. 97CA006955, unreported, this Court held that the common pleas court, general division, possessed jurisdiction to proceed to judgment, despite Dalton's assertion that the probate court held exclusive jursidiction. That decision, however, was predicated upon Dalton's failure to have supported his argument with sufficient evidence to establish that the probate court had exercised jurisdiction and has no bearing on the record on which the instant case must be decided.
[6] Dalton's counsel states in the appellate brief that, "[s]ince the Common Pleas Court's jurisdiction was first invoked, this would deprive the Probate Court of jurisdiction." This statement is contrary to the very evidence supplied by Dalton. Assuming that such error was inadvertent, this Court reminds counsel of the duty not to misrepresent the record, whether through gross carelessness or otherwise.