OPINION
Appellant Sheri Kelley appeals from the denial of her motion for contempt filed with the Champaign County Court of Common Pleas, Juvenile Division. Kelley contends that the trial court abused its discretion by failing to hold Dale Sulser, the father of Kelley's children, in contempt for his failure to report an increase in his income and for the alleged fraudulent reporting of his income. She further contends that the juvenile court erred by holding that her claim for a support arrearage was barred by the doctrine of res judicata.
We conclude that the juvenile court correctly determined that Kelley failed to prove that Sulser committed fraud, and that Sulser did not violate any reporting requirement. We further conclude that Kelley's arrearage claim is barred by res judicata. Accordingly, the judgment of the juvenile court is Affirmed.
 I
Kelley has two children fathered by Dale Sulser. Kelley filed a paternity action against Sulser in Indiana. The Indiana court entered an order requiring Sulser to pay support for both children.
In 1996, Kelley registered the Indiana order as a foreign judgment, pursuant to R.C. 3115.32, with the Champaign County Common Pleas Court. In 1997, she filed an action in the Champaign County Juvenile Court regarding future support, as well as support arrearages accrued with regard to the Indiana order. On October 2, 1997, following a hearing, the juvenile court issued an order setting child support. The order also found that Kelley had failed to prove that Sulser owed any arrearage.
On January 14, 2000, Kelley filed a motion seeking to hold Sulser in contempt of court. The motion alleged that Sulser was in contempt because he failed to voluntarily report to the court that his income had increased after the 1997 support order was entered. She also alleged that Sulser fraudulently under-reported his 1997 income, and that the 1997 support order was, therefore, too low. Kelley requested the court to recalculate Sulser's child support obligation from the date of the alleged fraud to the date of the motion and assess a judgment against him for the arrearage. Finally, the motion also sought to have the juvenile court enter an order "incorporating the amount of support arrearages of defendant from Indiana and ordering payment."The juvenile court found that the request for arrearages relating to the Indiana support order was barred by the doctrine of res judicata. The court further found that Sulser did not violate the terms of the 1997 support order by failing to report the increase in his income because the order did not require him to do so. Finally, the juvenile court found that no fraud had been perpetrated in regard to the 1997 child support calculations. Accordingly, the trial court denied Kelley's motion. From the order denying her motion, Kelley appeals.
 II
Kelley's First Assignment of Error states as follows:
 THE TRIAL COURT ABUSED ITS DISCRETION BY RULING THAT SULSER DID NOT COMMIT FRAUD WHEN HE MISREPRESENTED HIS INCOME FOR SUPPORT PURPOSES AND DID NOT REPORT SUBSEQUENT YEARLY INCREASES IN INCOME.
Kelley contends that the juvenile court's findings regarding whether Sulser acted fraudulently and whether he was required to report that his income had increased since the entry of the order were erroneous.
We begin with the issue of the duty to report. The record shows that Sulser's 1997 income was higher than in 1996. However, the 1997 support order merely required Sulser to notify the court of any changes in "employment status or employer." This court has held that while the phrase "employment status or employer" might imply a duty to report income, it cannot be said to clearly impose that duty. Leffel v. Leffel
(Oct. 24, 1997), Clark App. No. 97-CA-20, unreported. Instead, the phrase merely requires a support obligor to report whether he is employed, unemployed, or whether his employer has changed. Id. Therefore, we held that the failure to report an increase, in the absence of a clearly stated requirement therefore, cannot be the basis for a finding of contempt. Id. Accordingly, we find that the juvenile court did not err by failing to hold Sulser in contempt for failure to report.
We next turn to Kelley's claim that Sulser fraudulently concealed his actual income prior to the entry of the 1997 support order. The trial court found that the child support obligation was based upon "the respective incomes of the parties as agreed to by the parties." The court further found that both parties had been represented by "capable legal counsel" at the time the agreement was reached. Therefore, the court found that no fraud had been committed.
The elements of fraud under Ohio law are: (1) a representation, or a concealment of a fact where there is a duty to disclose; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance. Burr v. Stark Cty. Bd. of Commrs. (1986),23 Ohio St.3d 69, paragraph two of the syllabus.
The burden to prove that Sulser acted fraudulently is on Kelley. Smithv. Baker (June 28, 1996), Montgomery App. No. 15632, unreported. In this case, the only evidence submitted by Kelley is a copy of Sulser's 1997 income tax return.
The record shows that Sulser is, and was, self-employed, and that he is never certain what his annual income will turn out to be until the end of the year. Sulser's income for 1996, as reflected on his income tax return, was almost $15,000. The record shows that for purposes of determining child support during the September, 1997 hearing, Sulser calculated his income for 1997 at $16,600. However, as noted on his 1997 tax return, which was subsequently prepared in 1998, his actual income was almost $32,000.
We agree with the trial court. We find, based upon the record before us, that the child support calculations were not tainted by fraud. Kelley's argument relies upon her allegation that Sulser acted fraudulently merely because his income was higher than he calculated. In the absence of any other proof, we find that Kelley failed to provide any evidence that Sulser purposely under-reported his income. Therefore, we conclude that the juvenile court did not err by failing to hold Sulser in contempt.
The First Assignment of Error is overruled.
 III
Kelley's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT RULED THAT ITS LANGUAGE IN THE OCTOBER 2, 1997 ENTRY CONSTITUTED RES JUDICATA FOR COLLECTION OF ARREARS.
Kelly contends that the trial court erred by dismissing, as barred by the doctrine of res judicata, the portion of her motion that sought to have the trial court address the issue of arrearages owed in the Indiana case. She argues that res judicata cannot be used to bar her claim because the doctrine cannot be applied in support cases, like this one, where the trial court retains continuing jurisdiction.
We begin our analysis with a brief discussion of the doctrine of resjudicata:
 The doctrine of res judicata involves both claim preclusion, which historically has been called estoppel by judgment, and issue preclusion, which traditionally has been referred to as collateral estoppel. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381. Under the claim preclusion branch of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. See, also, Black's Law Dictionary (6th Ed. 1990) 1305 (defining res judicata as a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action."). Issue preclusion, or collateral estoppel, precludes relitigation of an issue that has been "actually and necessarily litigated and determined in a prior action." Krahn v. Kinney
(1989), 43 Ohio St.3d 103, 107.
Mann v. Daniel (May 19, 2000), Montgomery App. Nos. 18052 and 18142, unreported.
As Kelley notes, the juvenile court has continuing jurisdiction over the issue of child support, with the power to modify support orders based upon claims of changed circumstances. Hardesty v. Hardesty (1984),16 Ohio App.3d 56. Therefore, as a general rule, a motion to invoke the continuing jurisdiction of a juvenile court regarding support matters is not barred by the doctrine of res judicata. Leffel v. Leffel (Oct. 24, 1997), Clark App. No. 97-CA-20, unreported. However, this case does not involve a request for the modification of a child support order. Instead, it centers on the question of whether the juvenile court has continuing jurisdiction to modify its prior determination that Kelley had failed to prove her claim that Sulser owed her arrearages on his child support obligation. We hold that to the extent that a party in a child support matter seeks to revisit an issue regarding a support arrearage that was previously considered and decided by the court, the doctrine may be applied. See, Fletcher v. Fletcher (June 23, 1993), Greene App. No. 91-CA-107, unreported; Cox v. Cox (1998), 130 Ohio App.3d 609, 616. Therefore, we conclude that the juvenile court did not err by dismissing Kelley's motion as it pertained to the alleged arrearage.
Accordingly, the Second Assignment of Error is overruled.
 III
Both of Kelley's Assignments of Error being overruled, the judgment of the trial court is Affirmed.
 ___________________ FAIN, J.
GRADY, P.J., and YOUNG, P.J., concur.