OPINION
Appellant, William Campbell, appeals the October 23, 2001 judgment entry of the Geauga County Court of Common Pleas, Juvenile Division.
Appellant and appellee, Lori Coleman, are the parents of Chelsea Morgan Coleman ("Chelsea"), who was born on March 24, 1993. On April 14, 1994, appellee and the Geauga County Department of Human Services filed a "Complaint to Establish Child Support Order and Order for Reimbursement" against appellant with the Geauga County Juvenile Court.[1] In an entry dated September 12, 1994, the trial court determined that appellant owed a duty to support Chelsea in the amount of $216.80 per month effective January 1, 1994, until Chelsea reached the age of majority or was emancipated.
On July 31, 1995, the Geauga County Department of Human Services and appellee filed a motion to show cause against appellant for his failure to pay child support. On September 8, 1995, appellant was found in contempt of the prior order to pay child support, and the court made continuing child support and purge orders on appellant.
On July 2, 2001, appellant filed a petition in the Geauga County Juvenile Court requesting a review of an administrative modification of child support by the child support bureau, which had increased appellant's child support. On July 23, 2001, appellant filed a motion to transfer the child support issues to Lake County, which the trial court denied on August 30, 2001.
On September 20, 2001, a trial was held on appellant's petition to review the modification of child support. Joint trial stipulations were filed on October 9, 2001. In a judgment entry dated October 23, 2001, the trial court upheld the modification and increased appellant's child support obligation to $764.33. It is from that entry appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] Whether the trial court erred to the prejudice of appellant when it denied appellant's motion to transfer jurisdiction of child support issues to Lake County, Ohio.
 "[2.] Whether the trial court abused its discretion to the prejudice of appellant when it failed to consider the deviating factors pursuant to [R.C.] 3113.215(B)(3) and ordered [appellant] to pay child support in the amount of $779.62 per month."[2]
In his first assignment of error, appellant claims that the trial court erred by denying his motion to transfer jurisdiction of the child support issues to Lake County.
The Supreme Court of Ohio has stated that "the court in which a decree of divorce is originally rendered retains continuing jurisdiction over matters relating to the custody, care, and support of the minor children of the parties." Loetz v. Loetz (1980), 63 Ohio St.2d 1, 2. The continuing jurisdiction of the juvenile court is invoked by motions filed in the original proceeding. Juv.R. 35(A). A court that attains jurisdiction over and enters orders concerning the custody and support of children retains continuing and exclusive jurisdiction over such matters. Hardesty v. Hardesty (1984), 16 Ohio App.3d 56, 58. Therefore, since the juvenile court has continuing jurisdiction over child support issues, it can modify support orders based upon claims of changed circumstances. Singer v. Dickinson (1992), 63 Ohio St.3d 408, 413.
In the instant matter, in 1994, appellee filed the initial pleading with the Geauga County Juvenile Court. Thus, the Geauga County Juvenile Court retained continuing jurisdiction over orders regarding the custody and support of Chelsea. Id. See, also, In re Young Children,76 Ohio St.3d 632, 637-638, 1996-Ohio-45. Since the Geauga County Juvenile Court retained continuing jurisdiction over the support matter, the case was not required to be transferred to Lake County. Hence, appellant's first assignment of error is meritless.
In the second assignment of error, appellant asserts that the trial court erred by failing to consider the deviating factors pursuant to R.C. 3113.215(B)(3) and ordering appellant to pay monthly child support in the amount of $779.62.[3]
The Ohio Child Support Guidelines are intended to be used by the courts when determining the appropriate level of child support. Hurdelbrink v.Hurdelbrink (1989), 45 Ohio App.3d 5, 5. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3119.23, which was formerly R.C.3113.215(B)(3). Carpenter v. Reis (1996), 109 Ohio App.3d 499, 504. The term "abuse of discretion" infers more than an error of law or judgment; it suggests that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly, 80 Ohio St.3d 386, 390,1997-Ohio-105, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe 1 (1991), 57 Ohio St.3d 135, 138.
R.C. 3113.215, which was repealed and replaced by R.C. 3119.022, governs procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern is the best interest of the child for whom the support is being awarded.Marker v. Grimm (1992), 65 Ohio St.3d 139, 141-142. If the trial court makes the proper calculations on the applicable worksheet, the amount shown is "rebuttably presumed" to be the correct amount of child support due. R.C. 3119.03. Furthermore "[a] party rebutting the basic child support guidelines amount has the burden of providing evidence which demonstrates that the calculated award is unjust, inappropriate or not in the best interest of the child." Schultz v. Schultz (1996),110 Ohio App.3d 715, 721.
R.C. 3119.23 enumerates the factors to be considered by a court prior to deviating from the amount of support that would otherwise result from the use of the schedule where such amount would be unjust or inappropriate and would not be in the best interest of the child. These factors include any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor. See R.C.3119.23(A)-(P).
We also note that there is "no authority for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable." (Emphasis sic.) Fitzgerald v.Fitzgerald (Jan. 24, 1997), 2d Dist. No. 15982, 1997 WL 24807, at 7.
In the present case, the trial court did not abuse its discretion when it refused to deviate from the amount calculated in accordance with the child support guidelines. There is no authority in which a trial court has been deemed to have abused its discretion by refusing to deviate from the standard child support guidelines. As mandated by the statute, the trial court calculated the child support according to the worksheet. Unless the trial court deviates from this amount, the statute does not require the court to justify its decision.
Appellant has not met his burden of demonstrating that the guideline amount of child support was unjust, inappropriate, or not in the best interest of Chelsea. Nor has appellant proven that a deviation from the amount was warranted. Consequently, the trial court did not abuse its discretion by not granting appellant a deviation. Appellant's second assignment of error is not well founded.
Accordingly, appellant's assignments of error are not well-taken. The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.
WILLIAM M. O'NEILL, P.J., ROBERT A. NADER, J., concur.
[1] From the record before us, we note that there were no other proceedings in any other county prior to the September 12, 1994 order rendered in Geauga County.
[2] The figure of $779.62 represents the monthly child support figure of $764.33 in addition to the two percent poundage fee.
[3] We note that R.C. 3113.215(B)(3) has been repealed, and R.C. 3119.23
is now effective in its place.