OPINION
{¶ 1} On October 8, 1990, appellant, Michael Lanzer, and appellee, Lynn Lanzer, were married. On February 28, 2005, appellee filed a petition for dissolution in Florida. Appellant filed a complaint for divorce in Ohio on March 17, 2005.
 {¶ 2} On May 2, 2005, appellee filed a motion to dismiss or abate the proceedings in Ohio because of the pending Florida action. Following a motion for default judgment based upon appellant's failure to answer the dissolution petition, appellee received a final decree of dissolution in the Florida case on May 31, 2005. The parties briefed the jurisdictional issues for the Ohio court. By journal entry filed August 12, 2005, the Ohio trial court upheld the Florida dissolution and dismissed appellant's complaint.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED AS A MATTER OF LAW, TO THE PREJUDICE OF PLAINTIFF-APPELLANT HUSBAND, BY RULING THAT APPELLANT'S OHIO DIVORCE ACTION SHOULD BE DISMISSED AND THAT APPELLEE-WIFE'S FINAL DECREE OF DISSOLUTION FROM FLORIDA WAS BINDING UPON THE PARTIES. SAID FINDING CONSTITUTED AN ABUSE OF DISCRETION BY THE TRIAL COURT, WHEN APPELLANT'S OHIO DIVORCE ACTION WAS THE FIRST TO OBTAIN BOTH SUBJECT MATTER JURISDICTION AND PERSONAL JURISDICTION OVER THE DEFENDANT-APPELLEE WIFE."
 II {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING ON DEFENDANT-APPELLEE'S MOTION TO DISMISS OR ABATE PLAINTIFF-APPELLANT'S OHIO DIVORCE ACTION. APPELLEE'S FLORIDA COUNSEL WAS NOT LICENSED TO PRACTICE LAW IN OHIO WHEN THE MOTION WAS FILED AND THE COURT DID NOT HAVE SUBJECT MATTER JURISDICTION OVER THE MOTION. THE TRIAL COURT ABUSED ITS DISCRETION IN PERMITTING FLORIDA COUNSEL TO FILE A MOTION TO PRACTICE PRO HACVICE NEARLY TWO MONTHS AFTER THE MOTION TO DISMISS OR ABATE WAS FILED."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's motion to dismiss. We agree.
 {¶ 7} In its August 12, 2005 journal entry granting appellee's motion to dismiss, the trial court found the following:
 {¶ 8} "The Flagler County, Florida dissolution (Case No. 05-00273-CA) was filed by defendant on February 28, 2005, in accordance with Florida law. Plaintiff was served with process in the Florida action on April 18, 2005. The dissolution was finalized in Flagler County, Florida on May 31, 2005.
 {¶ 9} "* * *
 {¶ 10} "The Flagler County case proceeded to conclusion based upon subject matter jurisdiction of the parties being obtained by virtue of first filing and a final judgment of dissolution was entered on May 31, 2005. * * * In accordance with Florida law, this case commenced on February 28, 2005 and continued pending until final judgment on May 31, 2005. Plaintiff did not respond to the Florida action. Defendant served plaintiff with a Motion for Default Judgment in the Florida action and plaintiff took no action to protect his rights in the Florida court."
 {¶ 11} We disagree with these conclusions based upon the following facts. The Florida petition was filed on February 28, 2005 and the summons was served on appellant on April 18, 2005. The complaint sub judice was filed on March 17, 2005 and served on appellee on April 13, 2005.
 {¶ 12} Although appellee was first to file her petition for dissolution, it was appellant who first completed service on his complaint for divorce. In Ohio, pursuant to Civ.R. 3(A), an action is commenced when it is filed and served on the opposing party within one year from such filing. In Miller v. Court ofCommon Pleas of Cuyahoga County (1944), 143 Ohio St. 68, the Supreme Court of Ohio reviewed a similar case wherein two courts had jurisdiction in a divorce case and one party sought to prohibit one of the courts from proceeding. The Miller court held the following at 70:
 {¶ 13} "`It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule obtains in divorce actions. * * *' 14 Ohio Jurisprudence, 410, Section 30. See, also, 11 Ohio Jurisprudence, 726, Section 81, citing Ex parte Bushnell, 8 Ohio St. 599, and other authorities."
 {¶ 14} "Service of process is thus made a condition precedent to vesting of jurisdiction in determining which of two courts has the exclusive right to adjudicate the whole case." State, exrel. Balson v. Harnishfeger (1978), 55 Ohio St.2d 38, 39-40. These rulings have been reaffirmed by the Supreme Court of Ohio in State, ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160. Therefore, when two Ohio courts each have jurisdiction, the first to obtain service of process takes precedent.
 {¶ 15} In the state of Florida, an action is commenced with the filing of the complaint or petition. Fla.R.Civ.P. Rule 1.050. Pursuant to Fla.R.Civ.P. Rule 1.070(i)(1), service of a complaint "does not thereby waive any objection to the venue or to the jurisdiction of the court over the person of the defendant."
 {¶ 16} In Ohio, Civ.R. 4.3(A)(8) authorizes a court to exercise personal jurisdiction over a nonresident defendant and to provide service of process to effectuate that jurisdiction if the cause of action arises from the defendant's "[l]iving in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state."
 {¶ 17} We conclude the court to first obtain personal jurisdiction over the defendant is the proper court of jurisdiction. In this case, service of process vesting personal jurisdiction over appellee was first in Ohio; therefore, the trial court erred in dismissing appellant's complaint.
 {¶ 18} Assignment of Error I is granted.
 II {¶ 19} Appellant claims the trial court lacked subject matter jurisdiction to entertain the motion to dismiss because appellee's Florida counsel appeared without first obtaining permission pro hac vice. We disagree.
 {¶ 20} A trial court's subject matter jurisdiction is not determined by an attorney's status to practice law in this state. The issue raised in this assignment is a matter for the Board of Commissioners on Grievances and Discipline in an action for the unauthorized practice of law.
 {¶ 21} Assignment of Error II is denied.
 {¶ 22} The decision of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby reversed.
By Farmer, P.J. Boggins, J. and Milligan, V.J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.