OPINION
Molly Mackner appeals the December 5, 2000 judgment of the Allen County Court of Common Pleas, Juvenile Division, denying her motion for relief from judgment under Civ.R. 60(B).
Appellee Robert Brunk and Appellant Mackner are the parents of Elizabeth Serena Mackner Brunk, born July 15, 1998. In August of 1998, a DNA test was performed by the Allen County Child Support Enforcement Agency (ACCSEA) with results that indicate that Brunk was the father of Elizabeth. On October 15, 1998, Mackner filed a petition for paternity in Lucas County, as this is where she and Elizabeth resided at that time. On October 30, 1998, a petition for paternity was filed by the ACCSEA in Allen County, Brunk's county of residence. Brunk was served on November 3, 1998 with the Lucas County petition. However, Mackner had been served with the Allen County petition 3 days prior, on October 31, 1998.
A combined hearing of the ACCSEA and Brunk's claims was held in the Juvenile Division of the Allen County Court of Common Pleas on December 23, 1998. At this hearing, the parties proposed a shared parenting plan including an agreement between the parties that the Allen County court could retain continuing jurisdiction over the matter. Furthermore, Mackner stipulated to the court's jurisdiction and announced that the Lucas County case had been dismissed. The judgment entry from these proceedings was filed on November 3, 1999.
Nearly a year later, on October 27, 2000, Mackner filed a Civ.R. 60(B) motion asserting that the Allen County court did not have jurisdiction to handle the matter. The trial court denied the motion and Mackner asserts a single assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION IN ITS JUDGMENT ENTRY DENYING [APPELLANT'S] MOTION TO VACATE BECAUSE IT LACKED SUBJECT MATTER JURISDICTION OVER THE COMPLAINTS FOR PATERNITY, VISITATION AND FOR SHARED PARENTING FILED IN THE TRIAL COURT.
 When examining a ruling on a Civ.R. 60(B) motion a reviewing court must remember that "the determination of whether relief should be granted is addressed to the sound discretion of the trial court." In re Whitman (1998), 81 Ohio St.3d 239, 242. An abuse of that discretion occurs only when the court's decision is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
To prevail on a Civ.R. 60(B) motion the moving party must demonstrate a meritorious defense or claim, entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and timeliness of the motion. GTE Automatic Elec. Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, paragraph 2 of the syllabus. Here, Mackner asserts three arguments in favor of relief under Civ.R. 60(B): lack of subject-matter jurisdiction, fraud and her lack of contact with Allen County that would satisfy jurisdictional requirements.
As to the jurisdiction claim, R.C. Chapter 2151 gives juvenile courts original subject-matter jurisdiction over determinations of the paternity of a child born out of wedlock. See R.C. 2151.23(B)(2). According to R.C. 3111.06(A), an action may be brought in a juvenile court in the county in which "the child, the child's mother, or the alleged father resides or is found." Mackner's undisputed residence at the time of filing was Lucas County; however, Mackner argues that Brunk was not a resident of Allen County at the time the petition was filed, noting that Brunk was a full time student at Bowling Green State University in Wood County. However, Brunk lived and worked summers in Allen County, voted in Allen County, maintained his Allen County address as his permanent address, and listed his Allen county address on his driver's license. Accordingly, the trial court could properly find that Brunk was a resident of Allen County and that it had subject-matter jurisdiction over the paternity petition.
However, based upon R.C. 3111.06(A), both the Lucas County court and the Allen County court could properly exercise jurisdiction over the case. The jurisdiction that takes priority where two courts have concurrent jurisdiction is the jurisdiction in which service is first obtained. State ex. rel. Balson v. Harnishfeger (1978), 55 Ohio St.2d 38,39. In this case, while Mackner filed her action first, service was obtained on Mackner first in the Allen County paternity action. Therefore, under the rule announced in Harnishfeger, Allen County was the proper court in which to hear the action. Furthermore, during the paternity hearing in Allen County on December 23, 1998 the trial court and Mackner's counsel engaged in the following dialog:
 The Court: Apparently there was a Lucas County paternity case also filed. I was informed in a pre-trial discussion that that has been dismissed and everyone agrees that this court assumes jurisdiction; but I would like that for the record. * * * Is this correct?
 Defense Counsel: Yes. For the record, Your Honor, the Lucas County proceeding was dismissed and, if necessary, [we] would withdraw the motion for transfer.
 Based on the foregoing, it appears that Mackner recognized at trial that the Allen County court properly had jurisdiction. Finally, we note that the shared parenting plan signed by Mackner reserved to the Allen County court continuing jurisdiction over the case. For these reasons, Mackner's claim that Allen County court lacked subject-matter jurisdiction must fail.
Mackner also claims that that an affidavit filed by Brunk in connection with the case contained fraudulent misstatements. On November 3, 1998, Brunk filed an affidavit which contained the following two paragraphs:
 3.) That the names and addresses of all persons with whom each child has lived prior to instituting this Court action, and the dates thereof are:
 Robert G. Brunk, 803 5th Street, No. 7, Bowling Green, Ohio;
Molly P. Mackner, 205 Cedar Lane, Waterville, Ohio
* * * *
 5.) That affiant has /has no information of any pending proceedings concerning the child / children pending in a Court of this or any other state.
 Mackner asserts that these statements are fraudulent, arguing in relation to the first that Brunk could not reside in both Bowling Green and also in Lima; and in relation to the second that Brunk asserted that he had no knowledge of any other pending actions although he had already served with process in the Lucas County action when he filed the affidavit. However, a close examination of both statements reveals them to be truthful. Regarding the first statement, the focus appears to be upon addresses where the child resided with the parties in question, rather than where the parties themselves were permanently domiciled. As to the second statement, Brunk underlined "has [information]" rather than "has no [information]," clearly reflecting his awareness of the Lucas County action to the Allen County court. See Affidavit, Brunk v. Mackner, Allen Cty. Juv. No. 1998 JP 04535, unreported, Doc. No. 13. Moreover, we have already ruled based upon other evidence in the case, that the trial court could have properly found that Brunk was a resident of Allen County at the time of the filing of the petition. Finally, we note that the Allen County court was aware of the Lucas County action, as reflected in the excerpt of the transcript quoted above. See supra at *5.
In her final argument, Mackner claims that Mackner's lack of contact with Allen County is another reason for granting relief from judgment. However, the trial court correctly held that it had jurisdiction over this matter pursuant to R.C. 3111.06(A) and State ex. rel. Balson v.Harnishfeger (1978), 55 Ohio St.2d 38, and Mackner presented no compelling reason for the trial court to vacate its order other than her residence in Wood County. We must reiterate that the decision whether to grant relief pursuant to Civ.R. 60(B) rests within the discretion of the trial court, and we cannot say that the trial court's refusal to grant relief for this reason alone constitutes an abuse of discretion.
Based on the foregoing, we cannot say that the trial court's decision to deny Mackner's Civ.R. 60(b) motion was arbitrary, capricious or unconscionable. Accordingly, Mackner's assignment of error is overruled and the decision of the Allen County Court of Common Pleas, Juvenile Division is affirmed.
 __________________ SHAW, J.
WALTERS, P.J. and BRYANT, J., concur.