THE STATE, EX REL. HOUK, *v.* COURT OF COMMON PLEAS OF
ROSS COUNTY ET AL.

(No. 77-365—Decided June 29, 1977.)

334

Mr. *Harry Lewis*, for relator.

Mr. *Richard G. Ward*, prosecuting attorney, for respondent.

*Per Curiam.* Although the parties have both phrased this case in terms of jurisdiction, it is actually a matter of concurrent and coextensive jurisdiction. Both the Franklin County court and the Ross County court have jurisdiction of the subject matter, and service upon the parties appears to be regular; therefore, comity between co-equal tribunals is the issue—not jurisdiction. But, this issue is not necessarily properly resolved by issuance of a writ of prohibition.

This court is reluctant to grant extraordinary writs. In addition, a court must be allowed to determine its own jurisdiction.

Paragraph two of the syllabus of *In re Green* (1961), 172 Ohio St. 269, provides that:

"Ordinarily, the Court of Common Pleas, a court of general jurisdiction, is competent to determine its own jurisdiction over the subject matter and parties in an action instituted therein and should be accorded fair opportunity to do so."

This seems to be the issue to which the lower court is addressing itself in its journal entry of April 19, 1977.

This court considered the same issue in *State, ex rel. Cleveland Telephone Co., v. Court of Common Pleas* (1918), 98 Ohio St. 164, and held that:

"A writ will not be issued, prohibiting the court of common pleas from determining its own jurisdiction, where

jurisdiction of the subject-matter of the action has been conferred upon that court by the laws of this state. (*State, ex rel. The Hartford Life Ins. Co.*, v. *Douds et al.*, 96 Ohio St., 604, and *State, ex rel. Faber*, v. *Jones et al., Judges*, 95 Ohio St., 357, approved and followed.)"

The respondent court has, by journal entry, indicated that it does intend to determine its own jurisdiction. Such a determination includes a consideration of comity as between another concurrent and coextensive forum.

The Ross County court having delimited the scope of its inquiry, an extraordinary writ is unnecessary.

The writ of prohibition is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., not participating.