THE STATE, EX REL. LARGENT, APPELLEE, *v.* FISHER, JUDGE, APPELLANT.

[Cite as State, ex rel. Largent, *v.* Fisher (1989), 43 Ohio St. 3d 160.]

(No. 88-670—Submitted March 28, 1989—Decided June 14, 1989.)

*Herbert R. Whiting,* for appellee.

*John T. Corrigan,* prosecuting attorney, *Colleen C. Cooney* and *Laura J. Gallagher,* for appellant.

*Per Curiam.* For a writ of prohibition to issue, a relator must ordinarily establish: (1) that the court against whom it is sought is about to exercise judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that, if the writ is denied, he will suffer injury for which no other adequate remedy exists. *State, ex rel. Fyffe,* v. *Pierce* (1988), 40 Ohio St. 3d 8, 9, 531 N.E. 2d 673, 674, citing *Commercial Savings Bank* v. *Wyandot Cty. Court of Common Pleas* (1988), 35 Ohio St. 3d 192, 193, 519 N.E. 2d 647, 648-649.

Judge Fisher does not deny that he was about to act with respect to Marian's divorce case. He instead argues that he had authority to determine his own jurisdiction in the matter, and that since he did, in fact, do so before Judge Webber, he had, in effect, the superior jurisdictional "claim." Thus, Judge Fisher maintains that he had jurisdiction to proceed upon Marian's complaint, and further, that Judge Webber was obligated to honor his rulings, subject to appellate review.

However, we agree with the court of appeals. Since Judge Webber had both subject matter and personal jurisdiction in the divorce case before Judge Fisher did, his court had exclusive jurisdiction over the matter.

Therefore, we find that Judge Fisher had no jurisdiction whatsoever to proceed.

The relevant rule of law is set forth in *Miller* v. *Court of Common Pleas* (1944), 143 Ohio St. 68, 70, 28 O.O. 19, 20, 54 N.E. 2d 130, 131-132:

" 'It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule obtains in divorce actions. * * *' 14 Ohio Jurisprudence, 410, Section 30. * * *" See, also, *State, ex rel. Phillips*, v. *Polcar* (1977), 50 Ohio St. 2d 279, 4 O.O. 3d 445, 364 N.E. 2d 33, syllabus.

In *State, ex rel. Balson*, v. *Harnishfeger* (1978), 55 Ohio St. 2d 38, 9 O.O. 3d 21, 377 N.E. 2d 750, this court relied on *Miller* and allowed a writ of prohibition in a case similar to this one. There, a husband filed for divorce in the Court of Common Pleas of Allen County and his wife filed for divorce two days later in the Court of Common Pleas of Franklin County. The wife obtained service first, but her motion to dismiss the Allen County divorce complaint was denied. This court granted her request for an order preventing the Allen County judge from proceeding because the Franklin County judge had exclusive jurisdiction. The court explained that "exclusive jurisdiction vests in that court first acquiring not just subject-matter jurisdiction, but also *in personam* jurisdiction—that is, completion of proper service." *Id.* at 39, 9 O.O. 3d at 22, 377 N.E. 2d at 750-751. Thus, in deciding which of the two courts had the exclusive right to adjudicate the whole case, the earlier completion of service

of process in Franklin County was determinative. *Id.* at 39-40, 9 O.O. 3d at 22, 377 N.E. 2d at 751.

A similar result was reached in *State, ex rel. Racing Guild of Ohio,* v. *Morgan* (1985), 17 Ohio St. 3d 54, 17 OBR 45, 476 N.E. 2d 1060. There, this court issued a writ of prohibition to prevent a Summit County common pleas judge from hearing an employer's action seeking injunctive relief to restrict or prohibit picketing at the employer's race track. The writ was issued because the employees' union had filed an action in the Court of Common Pleas of Cuyahoga County seeking injunctive relief to prevent interference with picketing at the track before the employer's suit was filed in Summit County.

The foregoing authority compels us to conclude that Judge Fisher was without jurisdiction to hear the Largent divorce case since service was obtained in the Lorain County suit first. It may be that Judge Webber erred in finding that proper venue for the divorce action existed in Lorain County. However, as the court of appeals impliedly found, proper venue is not a jurisdictional prerequisite; rather, it is an issue that may be assigned as error on appeal. See Civ. R. 3(G).

Judge Fisher's reliance on *State, ex rel. Houk,* v. *Court of Common Pleas* (1977), 50 Ohio St. 2d 333, 4 O.O. 3d 475, 364 N.E. 2d 277, and *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E. 2d 464, do not require a contrary result because both are distinguishable on their facts. In *Houk,* the husband commenced a divorce action in the Franklin County Court of Common Pleas before his wife commenced an action for alimony in the Ross County Court of Common Pleas. This court refused to order a writ of

prohibition against the Ross County court because that court had not yet decided whether it would exercise jurisdiction in the alimony case. Thus, *Houk* differs from this case in that Judge Fisher had already made this determination and had set a date on which to hear Marian's action for divorce.

In *State, ex rel. Miller,* v. *Court of Common Pleas, supra,* the wife filed a divorce petition in the Court of Common Pleas of Lake County and, later, filed another action for divorce in the Court of Common Pleas of Cuyahoga County. The wife voluntarily dismissed her Lake County petition, but the court refused to dismiss the action because the husband had already filed a cross-petition in that court. This court denied the wife's request for a writ of prohibition to prevent the Lake County court from hearing the matters raised in the husband's cross-petition because it was clear that the Lake County action had been commenced first. Thus, in *Miller,* unlike in this case, the writ of prohibition was sought against the court whose jurisdiction had been invoked first.

Judge Fisher also argues that Gerald could appeal any judgment that resulted from the divorce action pending in Cuyahoga County and that this should prevent a writ of prohibition from issuing. Ordinarily, the availability of an appeal would have this effect.

However, where a lower court has no jurisdiction to act, we have said that " '* * * the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' " *State, ex rel. Racing Guild of Ohio,* v. *Morgan, supra,* at 56, 17 OBR at 47, 476 N.E. 2d at 1062, quoting from *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 59 O.O. 2d 387, 388, 285 N.E. 2d 22, 24.

We find this holding controlling under these facts. Here, like the judge in *Morgan,* Judge Fisher had no jurisdiction to act in Marian's action for divorce because another court had exclusive jurisdiction over that matter. Thus, a writ of prohibition was appropriate, regardless of any available and adequate right of appeal.

Based on the foregoing, we find that the writ of prohibition issued by the court of appeals was proper. We therefore affirm the judgment below.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, H. BROWN and RESNICK, JJ., concur.

WRIGHT, J., concurs in judgment only.