DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
John Paul Dalton, defendant-appellant, has appealed from the judgment entered against him in the Lorain County Court of Common Pleas ("Common Pleas Court"). Default and summary judgments were granted against Dalton on September 9, 1997, and a preliminary judgment entry was journalized on that date. On October 1, 1997, the court adopted the comprehensive judgment entry drafted by the plaintiff's attorney as its final order in the case. Dalton has appealed from the October 1, 1997 order.
Dalton has assigned as error that (1) the Common Pleas Court lacked subject matter jurisdiction to hear the case because the Probate Division of the Lorain County Court of Common Pleas ("Probate Court") first exercised, and thus retained, jurisdiction over the matter; (2) the summary judgment against him was improper because the certificate of service does not show proper service of the motion for summary judgment; and (3) the default judgment against him was improper because he was not in default.[1]
The first and second errors lack merit and are overruled and the third error is moot because of our disposition of the second error.
 I Third Federal Savings and Loan Association of Cleveland ("Third Federal") was the holder of a mortgage, and the related first lien, on a parcel of real property in Lorain County that was owned by Dalton's parents before their deaths. Included in the record for this case is the Preliminary Judicial Report No. 901-025475 ("Report") ordered by Third Federal for use in the Common Pleas Court case. It contains reference to Probate Case 96 PC 00018, initiated in the Probate Court on June 19, 1996, which is related to Estate Case 94ES1177. Apparently Sondra Davis, one of Dalton's siblings, brought suit in the Probate Court to sell the property that is also the subject matter of this action. The Report lists only Sondra Davis, John Paul Dalton, and the Institutional Care Pharmacy as parties in the probate case. The Report does not indicate whether an executor was appointed and qualified, or whether service was completed. A pretrial hearing in that case was set for September 11, 1996. On September 16, 1996, Third Federal filed the action below, seeking to force a foreclosure sale of the same property. The parties to the action sub judice include Sondra Davis, John Paul Dalton, and eight others, but not the Institutional Care Pharmacy.
 II A. Subject Matter Jurisdiction
Dalton has argued that the Common Pleas Court did not have jurisdiction over the subject matter of this case. In his answer, Dalton contended that the Probate Court had already exercised subject matter jurisdiction before the case was filed in the Common Pleas Court, and that it retained jurisdiction to the exclusion of the Common Pleas Court. Although phrased as an issue of subject matter jurisdiction, Dalton has really raised an issue of comity between courts of concurrent and coextensive jurisdiction. See State ex rel. Houk v. Court of Common Pleas
(1977), 50 Ohio St.2d 333, 334.
Dalton has asserted that because the Probate Court exercised jurisdiction over the matter first, it retained jurisdiction to the exclusion of the Common Pleas Court. As a general rule, Dalton's assertions regarding priorities are correct. See JohnWeenink Sons Co. v. Court of Common Pleas (1948), 150 Ohio St. 349, at paragraphs two and three of the syllabus. The foreclosure of mortgages is within the subject matter jurisdiction of the common pleas courts. See Buckman v. Goldblatt (1974), 39 Ohio App.2d 1,3. Probate courts, generally, have subject matter jurisdiction to order the sale of a decedent's real property in response to a petition from an appointed and qualified executor or administrator. Government Natl. Mtge. Assn. v. Smith (1971),28 Ohio App.2d 300, 301. Thus, in cases where an executor has been appointed and has qualified and where it is necessary to sell realty to pay the deceased mortgagor's debts, the common pleas and probate courts have concurrent jurisdiction. See Peoples Sav.Assn. v. Sanford (1938), 59 Ohio App. 294, 296.
Two additional preconditions must be satisfied before the exercise of jurisdiction by one court precludes the exercise of jurisdiction by another. Generally, there must be substantial identity of claims and parties before concurrent exercise of jurisdiction is prohibited. See State ex rel. Dannaher v.Crawford (1997), 78 Ohio St.3d 391, 393. The first court must also have completed its exercise of jurisdiction by the institution of proper proceedings and service of the required process before the second court did so. See John Weenink SonsCo., 150 Ohio St. at 355.
As the party seeking to avoid the exercise of jurisdiction by the second court, it was Dalton's responsibility to provide the court with sufficient evidence to establish that another court had previously exercised jurisdiction. He alleged in his answer, without providing evidentiary support, that an action was filed in the Probate Court to sell the same real estate and that Third Federal was made a party. He did not allege, or provide evidentiary support, that the parties to both actions were sufficiently identical to preclude each from exercising jurisdiction,[2] that an executor had been qualified,[3]
or that all parties had been properly served.[4]
The Common Pleas Court, a court of general jurisdiction, has the authority to determine its own jurisdiction, which includes a consideration of comity between it and another concurrent and coextensive forum. Houk, 50 Ohio St.2d 333, 334-335. By raising it in his answer, Dalton preserved the issue of whether the Common Pleas Court properly exercised jurisdiction in this matter or was precluded from doing so because the Probate Court had already exercised jurisdiction over substantially identical claims and parties. On appeal, this court is confined to the record as defined by App.R. 9(A). Even if he was correct in his assertion, the record Dalton established is consistent with either, or both, courts exercising jurisdiction. We overrule Dalton's first assignment of error because he has not met his burden of establishing that the decision of the Common Pleas Court to exercise jurisdiction was improper.
 B. Summary Judgment
The trial court granted a summary judgment against Dalton. Dalton's challenge to the summary judgment is procedural in nature.[5] He has challenged the judgment on the basis that "the pleading does not show proper service."[6] Civ.R. 5(D) states that "[t]he proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11." The following certificate of service is attached to Third Federal's motion for summary judgment: "A copy of the foregoing Motion with attached Brief was mailed this 14th day of August, 1997, to the last known address of the attorneys representing the defendants herein or where not so represented, to the parties themselves." Michael J. Linden, attorney for the plaintiff, signed the certificate. Although it does not give much detail, the certificate does state the date and manner of service and is signed by the plaintiff's attorney. Because of this, the motion for summary judgment was properly before the trial court.
Dalton has also argued that the court should not have considered the motions for summary and default judgments because they were filed too late. In a July 25, 1997 journal entry, the Common Pleas Court ordered Third Federal to take the next step in prosecution of its case by August 15, 1997, or face dismissal.[7] Third Federal filed motions for default and summary judgment on August 18, 1997. Dismissal for failure to prosecute is a discretionary decision, "upon such terms and conditions as the court deems proper." Civ. R. 41(A) (2). The decision by the trial court to entertain motions for default judgment and summary judgment that were submitted one business day after a deadline the court itself had set is not an abuse of discretion.[8]
Dalton's second assignment of error is overruled.
 C. Default Judgment
Dalton has argued that the default judgment issued against him is improper because he answered the complaint filed by Third Federal. The default and summary judgments granted below gave Third Federal identical relief. Our disposition of Dalton's second assignment of error makes Dalton's third assignment of error moot because, regardless of the validity of this assignment of error, a proper judgment remains against Dalton.
 III
Because the Common Pleas Court was not devoid of jurisdiction over the subject matter, but had concurrent jurisdiction with the Probate Court, and because Dalton did not provide sufficient evidence to establish that the Probate Court was entitled to exercise jurisdiction to the exclusion of the Common Pleas Court, Dalton's first assignment of error is overruled. Dalton's second assignment of error is overruled, because Dalton has not established procedural errors that would merit reversal of the summary judgment against him. Dalton's third assignment of error is moot because of our disposition of his second assignment of error. The judgment is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
 We order that a special mandate issue out of this Court, directing the Lorain County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
CARR, J.
CONCUR
[1] The assignments of error have been reordered for ease of discussion.
[2] The Report, the only evidence of the Probate Court case, indicated only Sondra Davis, John Paul Dalton and the Institutional Care Pharmacy as parties. The parties in the casesub judice included Third Federal, Charles A. Dalton, Jr., Sondra Davis, Sherry Dalton, John Paul Dalton, Unicare Homes, Inc., and four John or Jane Does representing unknown spouses of each of the Daltons.
[3] The Report does not indicate whether plaintiff Sondra Davis was acting personally or on behalf of her parents' estates as the executor or administrator.
[4] No information was available to the trial court with respect to the service of process.
[5] Because Dalton has not challenged the substantive basis for the judgment against him, this court accepts the Common Pleas Court's finding that Third Federal was substantively entitled to summary judgment against Dalton.
[6] Although Dalton's assignment of error states that "neither appellant nor his attorney was served with any motion for summary judgment," he does not actually make that argument. The record contains no evidence that Dalton did not receive service. In addition, Dalton did not make a Civ.R. 60(B) motion for relief through which he could have established a record to support a claim that service was not completed.
[7] Dalton was apparently unaware of the deadline until after the motions for default and summary judgments were granted because he indicated in his Statement of Facts to this court that the order "was apparently only sent to plaintiff's counsel."
[8] August 15, 1997 was a Friday, and August 18, 1997 was the following Monday.