Respectfully, I dissent.
In my view, the action taken by the trial court in issuing a temporary restraining order and enjoining the Mayor from "using taxpayer funds to communicate with the public regarding the issue of City Council's raises" constitutes an unconstitutional prior restraint of speech. Such restrictions are classified according to whether the restrictions are content-based, which focus upon the import of the speech on the audience (See Boos v. Barry [1988], 485 U.S. 312), or content-neutral, which are justified without reference to the content of the regulated speech. (Emphasis added.) See Ward v. Rock Against Racism (1989), 491 U.S. 781.
Here, the trial court did not simply restrict the Mayor from "using taxpayer funds to communicate with the public" but specifically extended the prohibition exclusively to the "issue of City Council raises." This restriction, therefore, is content-based.
In Seven Hills v. Aryan Nation (1996), 76 Ohio St.3d 304, the court stated:
 An essential function of free speech is to invite dispute. Terminiello v. Chicago (1949), 337 U.S. 1, 4, 69 S.Ct. 894, 896, 93 L.Ed. 1131, 1134. Speech may "best serve its high purpose when it induces a condition of unrest, creates dissatisfaction with conditions as they are, or even stirs people to anger. Speech is often provocative and challenging. It may strike at prejudices and preconceptions and have profound unsettling effects as it presses for acceptance of an idea. * * * [F]reedom of speech, though not absolute, * * * is nevertheless protected against censorship or punishment, unless shown likely to produce a clear and present danger of a serious substantive evil that rises far above public inconvenience, annoyance, or unrest." Id.
To prevail on a Writ of Prohibition, the Relator must demonstrate that (1) the Respondent is about to exercise judicial power, (2) which is unauthorized by law and (3) there exists no adequate remedy at law. See State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160.
Here, Respondent argues that only the expenditure of taxpayer funds is restrained; yet, were this the case, an adequate remedy would exist at law for Council members to recoup the expenditure of the public funds; no injunction or temporary retraining order would lie. Further, members of Council claim the speech is defamatory or casts council in a "false light." Again, there are compensable damages in a court of law precluding issuance of injunctive relief.
The compelling analysis here is that the Mayor utilized funds which the City Council approved for his office use to inform city residents, in a non-partisan, non-candidate-identified mailing that truthfully detailed the amounts of percentages of Council raises; members of Council objected, and the court has selected this one topic for exclusive prior restraint telling the Mayor he may not use those appropriated funds to communicate on that issue. This is a content-based restriction which does constitute a prior restraint and is therefore unconstitutional.
In my view, the trial court has exercised judicial authority in contravention of the First Amendment, imposing a prior restraint on the Mayor's speech. I would therefore issue the Writ of Prohibition.