[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 1214.]

THE STATE OF OHIO, APPELLANT, *v*. LATORRES, APPELLEE.

[Cite as *State v. Latorres*, 2002-Ohio-5864.]

*Appeal dismissed as improvidently allowed.*

(No. 2001-1732—Submitted September 17, 2002—Decided November 13, 2002.)

APPEAL from the Court of Appeals for Ashtabula County, Nos. 2000-A-0060 and 2000-A-0062.

_____

{¶1} The cause is dismissed, sua sponte, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶2} I respectfully dissent from the majority's decision to dismiss this appeal as having been improvidently allowed. Defendant, Pablo LaTorres, was charged with 19 counts of rape in violation of R.C. 2907.02(A)(1) and 3 counts of corruption of a minor in violation of R.C. 2907.04(A). Defendant pleaded not guilty to all counts.

{¶3} Just before trial was to begin, defendant orally requested the dismissal of counts 1 through 10 and 13 through 22 due to vagueness. After a hearing, the trial court granted defendant's motion in part and dismissed counts 1 through 4, 6, and 13 through 21, stating that because these 14 counts covered such an extensive period of time they were vague and overbroad, making it impossible for defendant to defend himself.

**{¶4}** During a recess, the state filed a notice of appeal of the dismissal of the 14 counts. After court reconvened, the state informed the court that all proceedings must be stayed because the state had filed an appeal. After extensive discussions were held on the record, the court recessed again to review case law and consider the arguments of the parties with regard to the issue of jurisdiction. Upon return, the trial court stated that the remaining counts were severable and unrelated to the 14 counts that had been dismissed.

**{¶5}** The court explained that each count alleged a separate criminal act, that there was no overlap between the time frames of the remaining 8 counts and the 14 counts that were dismissed, and that the remaining counts were not affected by the dismissal of the 14 counts. The trial court also held that the dismissal of the 14 counts was interlocutory and was not a final appealable order.

**{¶6}** The state argued that jeopardy would attach to the counts that were dismissed if it were compelled to go forward and prosecute defendant on the remaining counts. Accordingly, the state requested that the court continue the case until the matter was resolved at the appellate level. After further discussion, the trial court informed the state that if it did not proceed, the remaining counts would be dismissed, with prejudice, for failure to prosecute. The state informed the court that it would not go forward with the remaining counts at that time and asked that if the remaining counts must be dismissed, they be dismissed without prejudice. The trial court dismissed, with prejudice, the remaining counts.

**{¶7}** The trial court filed a judgment entry that same day, explaining what had occurred and formalizing the rulings it had made orally. The following day, the state filed a second notice of appeal concerning the dismissal with prejudice of the remaining counts. The court of appeals consolidated the appeals and reversed the trial court with respect to the 14 counts that had first been dismissed. However, the appellate court affirmed the trial court with respect to the issue of jurisdiction to rule on the remaining counts, finding that the state should have proceeded with

the prosecution of the remaining 8 counts and should have addressed the jurisdictional issue on appeal, if necessary. The court of appeals therefore affirmed the dismissal of those 8 counts and remanded the cause to the trial court for further proceedings on the 14 counts first dismissed.

{¶8} The matter is now before this court upon the allowance of a discretionary appeal.

{¶9} A majority of this court has chosen to dismiss the cause as having been improvidently allowed. I, however, respectfully dissent and would instead reverse the judgment of the court of appeals.

{¶10} When an appeal is taken, the lower court is divested of jurisdiction, except to take action in aid of the appeal, until the case is remanded to it by the appellate court. *State v. Rogers* (1985), 17 Ohio St.3d 174, 183-184, 17 OBR 414, 478 N.E.2d 984, death penalty vacated on other grounds (1985), 474 U.S. 1002, 106 S.Ct. 518, 88 L.Ed.2d 452. Further, this court has stated that "the trial court does retain jurisdiction over issues *not inconsistent* with that of the appellate court to review, affirm, modify or reverse the appealed judgment, *such as the collateral issues* like contempt, appointment of a receiver and injunction." (Emphasis added.) *State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. Therefore, the trial court retains jurisdiction over issues not directly related to the subject of the appeal.

{¶11} In this case, defendant was charged with 22 counts of sexual abuse relating to two separate victims. One of the girls was alleged to have been under the age of 13 during each of 10 separate incidents of rape charged in the indictment. The other girl turned 13 years of age during the course of the five-year period of alleged abuse. Defendant was charged with 19 counts of rape of a child under 13 and 3 counts of corruption of a minor for the alleged instances of sexual abuse that occurred after the child reached the age of 13. All of the 14 counts first dismissed charged rape.

**{¶12}** I would find that the remainder of the charges in the indictment, which were dismissed with prejudice by the trial court, were directly connected with the subject of the appeal. The state clearly planned to prosecute defendant for all charges at once, since they all related to two victims and were all part of an alleged ongoing pattern of sexual abuse of the two minor victims. Only one of the 8 counts that remained involved the rape of the younger victim. Thus, the trial court dismissed all but one of the 10 charges relating to defendant's alleged sexual abuse of the younger victim.

**{¶13}** In addition, by ordering the state to go forward with its case against defendant after the dismissal of the 14 counts, the trial court ignored the possibility that the two young girls would have to testify twice if the state won on appeal. In fact, nearly all of the evidence in the case would be identical, consisting of an alleged pattern of behavior and abuse by the defendant, with only the dates differing. I cannot conceive of a more integral and interrelated fact pattern.

**{¶14}** Because the remaining charges, which were dismissed with prejudice, were directly related to the subject matter on appeal, the trial court did not have jurisdiction to dismiss them. The trial court should have stayed the remaining counts until the appeal was determined. Thus, the court of appeals should have vacated as null and void the trial court's dismissal of those counts.

**{¶15}** Accordingly, I respectfully dissent and would reverse the judgment of the court of appeals and reinstate the charges that were improperly dismissed by the trial court.

———————————

Thomas L. Sartini, Ashtabula County Prosecuting Attorney, Ariana E. Tarighati, Chief Assistant Prosecuting Attorney, and Angela M. Scott, Assistant Prosecuting Attorney, for appellant.

Ashtabula County Public Defender, Inc. and Marie Lane, Assistant Public Defender, for appellee.

_____