ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Julie Luft-Signer ("Signer') has filed a complaint for a writ of prohibition. Signer seeks an order from this court which prohibits Judge Anthony J. Russo, in the underlying action of Signer v. Signer, Cuyahoga Domestic Relations Case No. 02-DR-286746, from proceeding to any judgment. Specifically, Signer argues that "* * * the trial court is without jurisdiction to hear and decide the matter, that such jurisdiction is patent and unambiguous, that the court is about to exercise judicial or quasijudicial authority, the authority is unauthorized by law, and the denial of the Relator's writ will result in injury for which no other adequate remedy exists in the ordinary course of the law." Judge Russo has filed a motion to dismiss which we grant in part and deny in part for the following reasons.
 {¶ 2} On December 14, 2004, Judge Russo issued an order which found Signer to be in contempt of court and further ordered incarceration for a period of fourteen days. Signer immediately filed a notice of appeal to this court and requested a stay of execution of Judge Russo's finding of contempt and sentence of incarceration. See appeal as filed in Signer v.Signer, Cuyahoga App. No. 85666. On December 16, 2004, this court granted Signer's motion for stay of execution pending appeal in C.A. 85666. On February 18, 2005, Signer filed her complaint for a writ of prohibition and also filed an application for an alternative writ of prohibition. This court granted Signer's application for an alternative writ of prohibition on February 22, 2005.
 {¶ 3} In order for this court to issue a writ of prohibition, Signer must establish that: (1) Judge Russo is about to exercise judicial authority; (2) the exercise of judicial authority, by Judge Russo, is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239. A writ of prohibition will not be issued by this court unless it clearly appears that Judge Russo possesses no jurisdiction over the divorce action filed in Signer v. Signer,
Cuyahoga Domestic Relations Case No. 02-DR-286746 or Judge Russo is about to exceed his jurisdiction. State ex rel. Ellis v. McCabe (1941),138 Ohio St. 417, 35 N.E.2d 571. In addition, a writ of prohibition will not be issued in order to prevent an erroneous judgment, serve the purpose of an appeal, or correct mistakes of the lower court in deciding questions within its jurisdiction. State ex rel. Sparto v. Juvenile Courtof Drake County (1950), 153 Ohio St. 64, 90 N.E.2d 598. Furthermore, a writ of prohibition should only be issued with great caution and can not be issued in a doubtful case. State ex rel. Merion v. Tuscarawas Cty.Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641. Finally, absent a patent and unambiguous lack of jurisdiction, a trial court possessing general jurisdiction of the subject matter has the authority to determine its own jurisdiction and a party challenging the court's jurisdiction possesses an adequate remedy at law through a direct appeal. State ex rel. Rootstown Local School District Board of Educationv. Portage County Court of Common Pleas (1997), 78 Ohio St.3d 489,678 N.E.2d 1365; State ex re. Bradford v. Trumbull County Court,64 Ohio St.3d 502, 1992-Ohio-132, 597 N.E.2d 116.
 {¶ 4} Herein, Judge Russo is authorized by law to exercise jurisdiction in the pending complaint for divorce as filed in Cuyahoga Domestic Relations Case No. 02-DR-286746. See R.C. 3105.03 and 3109.04. Judge Russo also possesses jurisdiction in contempt. R.C. 2705.01, et seq.; State ex rel. Frazer v. Administrator/Director Juvenile CourtDetention Home (Nov. 3, 1995), Cuyahoga App. No. 69767. Signer, however, alleges that the appeal filed in Signer v. Signer, Cuyahoga App. No. 85666 divested Judge Russo of the jurisdiction to proceed in the underlying action in divorce. Signer's argument fails for the following reasons.
 {¶ 5} The order of December 14, 2004, which forms the basis of the appeal in C.A. 85666, involved a finding of contempt and the resulting sentence of fourteen days of incarceration. The finding of contempt and the resulting sentence constitute the only final appealable order subject to appeal pursuant to R.C. 2505.02. Any other orders contained within the judgment of December 14, 2004, such as unsupervised visitations, are interlocutory and not subject to an appeal or stay of execution. State exrel. Thompson v. Judge Spon, 83 Ohio St.3d 551, 1998-Ohio-298,700 N.E.2d 1281. Thus, the order of December 16, 2004, as rendered in C.A. 85666, merely stayed the finding of contempt and the sentence of incarceration as imposed by Judge Russo, nothing more! Judge Russo retains jurisdiction to proceed with all other aspects of the pending divorce action and may also proceed to a final disposition of the complaint for divorce. Buckles v. Buckles (1988), 46 Ohio App.3d 118,546 N.E.2d 965; Bartak v. Bartak (Aug. 12, 1993), Cuyahoga App. No. 63387. See also, State v. La Torres, 97 Ohio St.3d 1214, 2002-Ohio-5864,777 N.E.2d 842; Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.,79 Ohio St.3d 98, 1997-Ohio-402, 679 N.E.2d 1084; Pegan v. Cramer,76 Ohio St.3d 97, 1996-Ohio-419, 666 N.E.2d 1091; In re. Kurtzhalz
(1943), 141 Ohio St. 432, 48 N.E.2d 657.
 {¶ 6} Accordingly, we grant Judge Russo's motion to dismiss in part and deny the motion to dismiss in part. During the pendency of the appeal filed in Signer v. Signer, Cuyahoga App. No. 85666, Judge Russo is prohibited from enforcing the finding of contempt entered on December 14, 2004, and further prohibited from enforcing the order of incarceration of Signer for a period of fourteen days. Judge Russo, however, possesses the necessary jurisdiction to proceed to judgment in the underlying action in Cuyahoga Domestic Relations Case No. 02-DR-286746 and also possesses the jurisdiction to entertain any current or future actions regarding contempt. The order of this court as entered on February 22, 2005, which granted Signer's alternative writ of prohibition, is vacated. Each party to bear own costs. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Writ granted in part and denied in part.
Blackmon, A.J., concurs.
Gallagher, J., concurs.