JOURNAL ENTRY AND OPINION
{¶ 1} On July 21, 2008, petitioner Kathy W. Coleman filed an original action in prohibition against Chief Justice Thomas Moyer, Judge Nancy McDonnell, and Judge Gustalo Nunez. On that same day, Coleman also filed a motion for an alternative writ. Thereafter, on July 22, 2008, Coleman filed an amended petition for prohibition as well as an amended motion for alternative writ against the same respondents. This court denied Coleman's amended request for an alternative writ on July 23, 2008.
 {¶ 2} In her petition, Coleman argues that as presiding judge for the Cuyahoga Court of Common Pleas, Judge McDonnell, and not Chief Justice Moyer, should have appointed a visiting judge to preside in Case No. 07CRB00908 which is currently pending before the Lyndhurst Municipal Court. Therefore, because Judge Nunez was appointed incorrectly, Coleman argues that Judge Nunez does not have jurisdiction over her.
 {¶ 3} On July 31, 2008, Judge McDonnell, through the Cuyahoga County prosecutor's office, filed a motion to dismiss. Chief Justice Moyer, through the Ohio Attorney General's office, also filed a motion to dismiss. Judge Nunez did not file a response or dispositive motion. Coleman however, submitted briefs in opposition to both filings by respondents. For the following reasons, we grant the motions to dismiss.
 {¶ 4} Initially, we find that Coleman's petition is defective since it is improperly captioned. The complaint for an extraordinary writ must be brought by petition, in the *Page 4 
name of the state on relation of the person applying. Coleman's failure to properly caption her petition for a writ of prohibition constitutes sufficient reason for dismissal. Allen v. Court of Common Pleas of AllenCty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v. Cleary, etal. (Jan. 11, 2001), Cuyahoga App. No. 78763. Despite the aforesaid procedural defect, a review of the petition fails to establish that Coleman is entitled to a writ of prohibition.
 {¶ 5} The record indicates that Coleman appeared before Judge Mary Kay Bozza for an arraignment at the Lyndhurst Municipal Court. Because the arraignment did not proceed smoothly, Presiding Judge Mary Kay Bozza mailed a letter to the Ohio Supreme Court and voluntarily disqualified herself from presiding over Coleman's matter. On October 15, 2007, Justice Moyer granted Judge Bozza's request and assigned Judge Nunez to the pending matter. Thereafter, on November 20, 2007, Coleman filed an affidavit of disqualification against both Judge Bozza and Judge Nunez in the Common Pleas Court. Administrative Judge Nancy McDonnell, on February 14, 2008, denied Coleman's affidavit because Judge Bozza previously disqualified herself and because the record failed to establish bias or prejudice by Judge Nunez.
 {¶ 6} In order to be entitled to a writ of prohibition, Coleman must establish that the respondents will or are about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of *Page 5 
law exists. State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-0202, 686 N.E.2d 267; State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239.
 {¶ 7} Writs of prohibition are issued by superior courts against inferior courts to prevent any future unauthorized exercise of jurisdiction. In this matter, Coleman is asking this court to issue a writ against Chief Justice Moyer of the Supreme Court of Ohio. Since the Supreme Court of Ohio is not an inferior court, we find that we are without jurisdiction or authority to issue a writ of prohibition against the Chief Justice Moyer. State ex rel. Wanamaker v. Weygandt (June 12, 1954), Franklin Cty. App. No. 5108. Accordingly, we grant Chief Justice Moyer's motion to dismiss.
 {¶ 8} We also grant the motion to dismiss as to Judge McDonnell and Judge Nunez. A Civ. R. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is appropriate if, after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in Coleman's favor, it appears beyond doubt that Coleman could prove no set of facts entitling her to the extraordinary writ of prohibition. See State ex rel. Conkle v.Sadler, 99 Ohio St.3d 402, 2003-Ohio-4124.
 {¶ 9} In her complaint, Coleman argues that R.C. 2701.031 is controlling and that the presiding judge of the Cuyahoga County Court of Common Pleas should have appointed a visiting judge and not the Chief Justice of the Ohio Supreme Court. *Page 6 
However, based upon the facts of this case, we find that Judge Nunez was properly appointed.
 {¶ 10} The provisions of R.C. 2701.031 are conditioned upon the filing of an affidavit of prejudice. However, when municipal court judges voluntarily recuse themselves without an affidavit of prejudice being filed, the statute does not permit the presiding judge to appoint a substitute judge. Rather, in such instances, the Chief Justice of the Supreme Court of Ohio has the sole authority to assign a replacement judge. State ex rel. Kline v. Carroll, 96 Ohio St.3d 404,2002-Ohio-4849. See, also, Univ. Hts. v. Rothschild (2001),141 Ohio App. 3d 443; Gen. Motors Acceptance Corp. v. Davet (Aug. 10, 2000), Cuyahoga App. No. 76288.
 {¶ 11} In this case, Coleman's pleading indicates that Judge Bozza voluntarily recused herself without an affidavit of prejudice being filed. Consequently, the Chief Justice and not Judge McDonnell had the sole authority to appoint a replacement judge. Based upon these facts, we find that Judge Nunez was properly appointed by Chief Justice Moyer and has the authority to preside over Coleman's pending matter before the Lyndhurst Municipal Court. Accordingly, since Judge Nunez was properly appointed by Chief Justice Moyer, Coleman can prove no set of facts which entitle her to the extraordinary writ of prohibition.
 {¶ 12} Accordingly, we grant the respondents' motion to dismiss. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B). *Page 7 
Writ dismissed.
 COLLEEN CONWAY COONEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR
 *Page 1