[Cite as *State ex rel. Elias v. Tibbals*, 2011-Ohio-5678.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96832**

## STATE OF OHIO, EX REL., JOHN ELIAS

RELATOR

vs.

## TERRY TIBBALS, WARDEN, ET AL.

RESPONDENTS

**JUDGMENT:**
COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 447025
Order No. 448492

**RELEASED DATE:**  October 28, 2011

-i-

**FOR RELATOR**

John Elias
Inmate No. 512-026
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, Ohio 44901-0788


**FOR RESPONDENTS**
Warden Terry Tibbals:

Peter L. Jamison
Assistant Attorney General
Criminal Justice Section
150 E. Gay Street, 16th Floor
Columbus, Ohio 43215

Bureau of Sentence Computation:

Michael DeWine
Ohio Attorney General
30 East Broad Street
State Office Tower, 17th floor
Columbus, Ohio 43215


PATRICIA ANN BLACKMON, P.J.:

{¶ 1} John Elias has filed a complaint for a writ of mandamus. Elias seeks an order from this court, which requires the Warden of the Mansfield Correctional Institution, Terry Tibbals, and the Ohio Bureau of Sentence Computation to recalculate

the date of his release from prison.[1]   The complaint for mandamus is dismissed because it is defective.

{¶ 2}   R.C. 2969.25(C) mandates that an inmate, who files a civil action or appeal against a government entity or employee and seeks a waiver of the prepayment of the filing fees assessed by the court in which the action or appeal is filed, shall file with the complaint or notice of appeal an affidavit of indigency that includes a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 3} The Supreme Court of Ohio, with regard to the mandatory affidavit/institutional cashier statement requirements of R.C. 2969.25(C), has recently established that:

{¶ 4}   "We affirm the judgment of the court of appeals dismissing the petition of appellant, * * *, for a writ of habeas corpus to compel his release from prison.  As the court of appeals correctly held, [appellant's] petition was **defective** because although he filed an affidavit of indigency and sought waiver of prepayment of the court's filing fees, he failed to include in his affidavit of indigency a statement setting forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, in violation of R.C. 2969.25(C).  '**The requirements of R.C. 2969.25 are**

[1]Pursuant to Civ.R. 21, Mark Tibbals is replaced with Terry Tibbals, the present warden of the Mansfield Correctional Institution.

**mandatory, and failure to comply with them subjects an inmate's action to dismissal.'** *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶5. **[Appellant's] subsequent filing of the statement did not cure the defect.** See R.C. 2969.25(C); see also *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, 797 N.E.2d 982, ¶9. * * *." *Hazel v. Knab*, Ohio Supreme Court Slip Opinion No. 2011-Ohio-4608, ¶1. (Emphasis added.)

{¶ 5} Herein, Elias has failed to comply with the mandatory requirements of R.C. 2969.25(C) because he has not provided this court with a sworn affidavit that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier of the Mansfield Correctional Institution. In addition, Elias is unable to cure the defective complaint for a writ of mandamus vis-a-vis an amended complaint. See *Hazel*, supra.

{¶ 6} Accordingly, we dismiss the complaint for a writ of mandamus. Costs to Elias. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Complaint dismissed.

_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
KENNETH A. ROCCO, J., CONCUR