[Cite as *Mays v. Cleveland Mun. Court Judges*, 2011-Ohio-6303.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97667**

## JUDGE ANITA LASTER MAYS

RELATOR

vs.

## JUDGES OF THE CLEVELAND MUNICIPAL COURT

RESPONDENTS

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Prohibition
Order No. 450168

**RELEASED DATE:** December 8, 2011

**FOR RELATOR**

Judge Anita Laster Mays, pro se
Cleveland Municipal Court
1200 Ontario Street
14th Fl., Courtroom B
Cleveland, OH 44113

**ATTORNEYS FOR RESPONDENT**

Judges of the Cleveland Municipal Court
c/o Judge Ronald B. Adrine
Justice Center, 11th Fl.
1200 Ontario Street
Cleveland, Ohio 44113

MELODY J. STEWART, P.J.:

{¶ 1} On December 8, 2011, the petitioner, Judge Anita Laster Mays of the Cleveland Municipal Court, commenced this prohibition action against the respondents, the other judges of the Cleveland Municipal Court. She seeks to prevent the municipal court judges from voting today for the position of Presiding/Administrative Judge and to require Judge Lynn Murray to permanently withdraw her application for Cleveland Municipal Court Jury Commissioner. Judge Mays alleges that Judge Murray, who lost her election in November 2011, will no longer be a judge in 2012 and has applied for the position of Jury Commissioner. Judge Mays complains that allowing the vote to go forward with Judge Murray would create a serious conflict of interest and undermine the selection of Jury Commissioner. Sua sponte, this court dismisses the application for a writ of prohibition.

**{¶ 2}** The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273, and Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Moreover, the court has discretion in issuing the writ of prohibition. State ex rel. Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127, 304 N.E.2d 382.

**{¶ 3}** In the present case the action Judge Mays seeks to prohibit is not judicial or quasi-judicial action. The Supreme Court of Ohio has "consistently defined quasi-judicial power as 'the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." State ex rel. Miller v. Warren Cty Bd. Of Elections, 2011-Ohio-4623, ¶13, emphasis in the original. A meeting for the purpose of the election of the presiding/administrative judge for the Cleveland Municipal Court does not involve the exercise of judicial or quasi-judicial authority, and thus, the requested relief is beyond the scope of prohibition.

**{¶ 4}** Moreover, this court notes that by holding the election today, the Cleveland Municipal Court will be abiding by Rules 3(A) and 4(A) of the Rules of Superintendence and its own Local Rule concerning the election of the Administrative/Presiding Judge. Loc.R. 1.05.

**{¶ 5}** Additionally, the relator failed to support her complaint with an affidavit "specifying the details of the claim" as required by Loc. App.R. 45(B)(1)(a). State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas, 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; and State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899. The failure to do so is sufficient grounds for dismissing the application for a writ.

**{¶ 6}** Accordingly, the court dismisses the application for a writ of prohibition. Relator to pay costs. This court directs the Clerk of the Cuyahoga County Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

*Complaint dismissed.*

MELODY J. STEWART, PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR.