[Cite as *State ex rel. Elias v. Tibbals*, 2012-Ohio-1210.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97979

## STATE OF OHIO
## EX REL., JOHN ELIAS

RELATOR

vs.

## TERRY TIBBALS, ET AL.

RESPONDENTS

## JUDGMENT:
## COMPLAINT DISMISSED

Writ of Mandamus
Motion No. 452854
Order No. 452879

**RELEASE DATE:**   March 19, 2012

**FOR RELATOR**

John Elias, pro se
Inmate No. 512-026
Mansfield Correctional Inst.
P. O. Box 788
Mansfield, OH 44901

**ATTORNEY FOR RESPONDENTS**

Michael Dewine
Ohio Attorney General
30 East Broad Street
State Office Tower, 17th Fl.
Columbus, OH 43215

EILEEN A. GALLAGHER, J.:

{¶1} Relator, John Elias, is incarcerated at Mansfield Correctional Institution where respondent, Terry Tibbals, is warden. Elias complains that respondent, Bureau of Sentence Computation, has failed to acknowledge 805 days jail-time credit authorized by the court of common pleas. Elias requests that this court compel respondents to adjust the date of his release from prison to reflect the 805 days jail-time credit.

{¶2} In *State ex rel. Elias v. Tibbals*, 8th Dist. No. 96832, 2011-Ohio-5678, Elias filed (almost verbatim) the same complaint against the same respondents seeking the same relief. This court dismissed that action due to Elias's failure to comply with mandatory procedural requirements. Likewise, we must dismiss this action.

{¶3} In Case No. 96832, this court dismissed Elias's complaint because he failed to support it with an affidavit and cashier statement reflecting his prisoner account as required by R.C. 2969.25(C). In this case, Elias has attached to the complaint the cashier statement but the affidavit of indigency is not notarized. An affidavit must be notarized to comply with R.C. 2969.25. *State ex rel. Jerninghan v. Russo*, 8th Dist. No. 95573, 2010-Ohio-5377, at ¶ 5.

{¶4} Additionally, R.C. 2969.25(A) requires that an inmate commencing a civil action support his complaint with "an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court." Elias has not provided this information to this court in any form.

{¶5} "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." (Citations omitted.) *State ex rel. White v. Bechtel*, 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, at ¶ 5. Elias's failure to comply with R.C. 2969.25(A) and (C) provide a sufficient basis for dismissing this action.

{¶6} Additionally, Loc.App.R. 45(B)(1)(a) requires that a relator support the complaint with an affidavit specifying the details of the claim. Elias has not filed an affidavit specifying the details of the claim. Failure to file the affidavit required by Loc.App.R. 45(B)(1)(a) is also grounds for dismissal. *Mays v. Judges of the Cleveland Mun. Court*, 8th Dist. No. 97667, 2011-Ohio-6303 (dismissing an action in prohibition sua sponte).

{¶7} We also take judicial notice of the fact that respondents filed a motion for summary judgment in Case No. 96832 on August 19, 2011. Attached to the motion for summary judgment is the affidavit of the Correction Record Management Supervisor of the Bureau of Sentence Computation ("BOSC"). The affidavit explains the basis on which the BOSC determined Elias's release date after including his 805 days jail-time credit. Although this court's dispositive journal entry and opinion in Case No. 96832 was not released until more than two months after the filing of the motion for summary judgment, Elias did not file a response to that motion.

{¶8} Accordingly, we dismiss this action sua sponte.

The clerk is directed to serve upon the parties notice of this judgment and its date of

entry upon the journal.  Civ.R. 58(B).  Relator to pay costs.



EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., AND
MARY J. BOYLE, J., CONCUR