[Cite as *State ex rel. O'Malley v. Nicely*, 2012-Ohio-4405.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98368**

# STATE EX REL. VICKI M. O'MALLEY

RELATOR

vs.

# JUDGE JUDITH A. NICELY

RESPONDENT

## JUDGMENT:
## COMPLAINT DISMISSED

Writs of Mandamus and Prohibition
Motion No. 457008
Order No. 458718

**RELEASE DATE:**   September 26, 2012

**ATTORNEY FOR RELATOR**

Colleen M. O'Toole
6185 Grandridge Pointe
Concord, OH    44077

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By: Charles E. Hannan, Jr.
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

KENNETH A. ROCCO, J.:

{¶1} On May 16, 2012, the relator, hereinafter the "mother," commenced this mandamus and prohibition action against the respondent, Judge Judith Nicely. The mother seeks to compel the judge to issue a final order on the mother's motion to terminate the shared parenting plan and her motion to modify parental rights and responsibilities in the underlying case, *O'Malley v. O'Malley,* Cuyahoga C.P. Domestic Relations Division No. DR-299141.[1] The mother also seeks to prohibit the judge from holding any further hearings in the underlying case until the judge has issued her final ruling, and to prohibit the judge from enforcing her April 12, 2012 interim post decree order requiring the mother, the minor children, and the father to engage in certain family therapy, and limiting the parents' power to schedule medical or psychological

---

[1]The mother and the father were married in April 2000, and had children in 2001 and 2002. In February 2006, they were divorced by an agreed entry with a shared parenting plan. In October 2008, the mother moved to terminate the shared parenting plan and to modify parental rights and responsibilities. After the father served a federal prison term between 2008 and 2009, he also moved to terminate the shared parenting plan in January 2010. Contentious litigation followed. The respondent judge held hearings to resolve the motions. On April 12, 2012, the judge entered the subject interim post decree order which, inter alia, denied the motions to terminate the shared parenting plan and held in abeyance the mother's motion to modify parental rights and responsibilities. The judge found that the parents' conflicts and unreasonable attitudes to each other had adversely impacted the children. The judge ordered family therapy to integrate the father back into the children's lives and to restore the children to proper behavior. As part of this, she limited the parents' ability to schedule counseling and doctor appointments to "bona fide" emergencies. The father moved to reconsider this interim order.

appointments for the children except for "bona fide" emergencies. The mother also sought an alternative writ, which this court denied.

{¶2} On July 19, 2012, the respondent judge filed a motion to dismiss arguing that she was conducting appropriate proceedings to bring these post decree matters to a close and that Sup.R. 40(A)(3) does not confer on the mother a right to a ruling on motions within 120 days enforceable in mandamus. As for the prohibition claims, the respondent argued that she had basic statutory authority to determine divorce and child custody matters and that the mother did not cite controlling authorities to establish that the judge was patently and unambiguously without jurisdiction to issue and enforce the provisions of the interim post decree order.

{¶3} On July 26, 2012, the respondent filed a "Notice of subsequent court action." Attached to this notice was the respondent judge's July 20, 2012 82-page order in which she granted the father's motion to reconsider the interim order, granted both parties' motions to terminate the shared parenting plan and made the father the residential parent and legal custodian of the children. She also resolved all pending motions and made provisions for the payment of guardian ad litem and expert witness fees. She addressed child support by terminating the order designating the father as obligor, but preserving any arrearages and by noting that child support may be modified subject to the further order of the court and subject to a filing of an appropriate motion. On July 24, 2012, the mother appealed this order, 8th Dist. No. 98708.

{¶4} On August 8, 2012, the mother filed her brief in opposition to the motion to

dismiss the present writ action. The mother endeavored to raise doubt as to whether the writ action has been rendered moot by the July 20, 2012 final order. She argued that the issue of child support is unresolved because the current order only terminated it and no child support worksheet was attached; thus, the July 20, 2012 order may not be a final, appealable order. She concluded that it would be premature to dismiss this writ action until this court determines whether the July 20, 2012 order is or is not a final, appealable order. She did not address her prohibition claims.

{¶5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist. 1993).

{¶6} The principles governing prohibition are also well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court patently and unambiguously has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

{¶7} Moreover, the court has discretion in issuing the writs of prohibition and mandamus. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973). In *State ex rel. Pressley*, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done."

{¶8} In the present case, the July 20, 2012 order renders this writ action moot. For the mandamus claim, the mother sought to compel rulings on the motions in the

underlying case. In issuing the July 20, 2012 order, the respondent judge fulfilled her duties and resolved those motions. This court declines the invitation to keep this writ action pending on the possibility that the July 20, 2012 order may not be a final, appealable order. Such doubt is inconsistent with the relator's need to establish a clear legal right and a clear legal duty. Similarly, the prohibition claims are also moot. The July 20, 2012 order replaced the interim order, so questions concerning the enforcement of the interim order are moot. Furthermore, with the issuing of the July 20, 2012 order, the respondent judge would have no cause to hold further hearings on the then-outstanding motions. Thus, this court declines to grant an extraordinary writ.

{¶9} Accordingly, this court grants the respondent judge's motion to dismiss and dismisses the applications for writs of mandamus and prohibition. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Complaint dismissed.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR